SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
GREG S. LABATE, Cal. Bar No. 149918
glabate@sheppardmullin.com
TYLER Z. BERNSTEIN, Cal. Bar No. 296496
tbernstein@sheppardmullin.com
650 Town Center Drive, 10th Floor
Costa Mesa, California 92626-1993
Telephone:  714.513.5100
Facsimile:   714.513.5130

Attorneys for Defendant
MARRIOTT HOTEL SERVICES, INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIELA BUSTAMANTE, on behalf of herself and all "aggrieved employees" pursuant to Labor Code § 2698 et seq.,<br><br>      Plaintiff,<br><br>      v.<br><br>MARRIOTT HOTEL SERVICES, INC., a Delaware corporation; and DOES 1 through 10 inclusive,<br><br>      Defendants. | Case No.<br><br>[Santa Clara Superior Court Case No. 22CV400968]<br><br>[State Court<br>Complaint Filed: July 21, 2022<br>FAC Filed: November 17, 2022]<br><br>**NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332(d), 1441, AND 1446**<br><br>**(CLASS ACTION FAIRNESS ACT)** |

        

# TABLE OF CONTENTS

**Page**

I.    STATEMENT OF JURISDICTION UNDER CAFA .......................................3

II.   STATUS OF PLEADINGS .................................................................4

III.  JURISDICTION PURSUANT TO CAFA IS SATISFIED............................5

    A.    Minimum Diversity Of Citizenship Exists Here.................................6

    B.    The Amount In Controversy Exceeds The $5,000,000 Requirement Under CAFA ...........................................................9

        a.    Wage Statement Penalties .................................................12

        b.    Waiting Time Penalties .....................................................13

        c.    Amount In Controversy For Plaintiff's Other Claims .....14

        d.    Amount In Controversy For Attorneys' Fees...................15

    C.    No CAFA Exceptions Apply ...........................................................16

IV.   SUPPLEMENTAL JURISDICTION...............................................17

V.    TIMELINESS OF REMOVAL........................................................19

VI.   NOTICE TO PLAINTIFF AND STATE COURT .......................................19

SMRH:4889-0609-3888.2                                    NOTICE OF REMOVAL OF ACTION

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE that Defendant MARRIOTT HOTEL SERVICES, INC. ("Defendant" or "MHS") hereby removes the matter filed by Plaintiff Gabriela Bustamante ("Plaintiff") in the case entitled <u>Gabriela Bustamante v. Marriott Hotel Services, Inc., et al.</u>, pending in the Superior Court of the State of California in and for the County of Santa Clara, Case No. 22CV400968, to the United States District Court for the Northern District of California, pursuant to 28 U.S.C. §§ 1332(d), 1441(b), and 1446.

Removal is based on the Class Action Fairness Act ("CAFA"), 28 U.S.C. Sections 1332(d), 1441(b) and 1446, on the following grounds:

I.    <u>STATEMENT OF JURISDICTION UNDER CAFA</u>

1.    CAFA was enacted on February 18, 2005.  In relevant part, CAFA grants federal district courts original jurisdiction over civil class action lawsuits filed under federal or state law in which any member of a class of plaintiffs is a citizen of a state different from any defendant, and where the matter in controversy exceeds $5,000,000, exclusive of interest and costs.

2.    This Court has jurisdiction over this case under CAFA, 28 U.S.C. § 1332(d), and this case may be removed pursuant to the provisions of 28 U.S.C. § 1441(a), in that it is a civil class action wherein: (1) the proposed class contains at least 100 members (FAC, ¶ 16); (2) the primary defendant is not a state, state official, or other governmental entity; (3) the total amount in controversy for all class members exceeds $5,000,000; and (4) there is diversity between at least one class member and one defendant.  Each of these conditions was satisfied at the time this action was initiated and now at the time of removal.

3.    Further, while there are a number of exceptions to this rule of original jurisdiction contained in 28 U.S.C. § 1332(d)(3)-(5), none of the exceptions is applicable here, as demonstrated below.

4.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 84(c) and 1391.

5.      As set forth below, this case meets all of CAFA's requirements for removal and is timely and properly removed by the filing of this Notice.

## II.     STATUS OF PLEADINGS

6.      On or about July 21, 2022, Plaintiff filed a complaint in the Superior Court of the State of California in and for the County of Santa Clara, entitled <u>Gabriela Bustamante v. Marriott Hotel Services, Inc. a Delaware Corporation, and Does 1 through 10, inclusive</u>, Santa Clara County Superior Court Case No. 22CV400968 ("Complaint").

7.      A copy of the Complaint and related documents were served on Defendant on July 25, 2022.  True and correct copies of the Summons, Civil Case Cover Sheet, Complaint, Case Management Conference Notice and Initial Order, and Notice of Posting Jury Fees served on Defendant are attached hereto, collectively, as **Exhibits 1-5**.

8.      On August 6, 2022, Defendant filed a Notice of Appearance in the state court action.  Attached hereto as **Exhibit 6** is a true and correct copy of the Notice of Appearance.

9.      Prior to removal, the Parties appeared for a case management conference before the Superior Court.  True and correct copies of the Parties' case initial management conference statements filed with the Court are attached hereto, collectively, as **Exhibits 7-8**.

10.     On November 17, 2022, Plaintiff filed and served on Defendant by U.S. mail the First Amended Class Action And Representative Action Complaint ("FAC").  A true and correct copy of the FAC is attached hereto as **Exhibit 9**.

11.     Prior to removal, on December 14, 2022, Defendant filed its Answer to the FAC in Santa Clara Superior Court and served its Answer on Plaintiff.  Attached hereto as **Exhibit 10** is a true and correct copy of Defendant's Answer to the FAC.

12.     Plaintiff asserts in her FAC that Defendant employed her and other persons in the capacity of non-exempt positions throughout the state of California. See FAC, ¶¶ 1, 9.

13.     This action has been filed as a California class action under California Code of Civil Procedure § 382.  See FAC, ¶ 13 ("Plaintiff brings this action on behalf of herself, and all others similarly situated as a Class Action pursuant to § 382 of the Code of Civil Procedure.").  California Code of Civil Procedure § 382 is a state statute authorizing an action to be brought by one or more representative persons as a class action.

14.     The FAC alleges there are "over 100 persons in the State of California who fall within the class definition."  See FAC, ¶ 16.  On the basis of its own investigation, Defendant determined there are more than 100 current and former non-exempt employees who worked for it in California during the four year period prior to the filing of the Complaint.  Therefore, Plaintiff's proposed class consists of at least 100 members now at the time of removal and at the initiation of this civil action.

15.     Plaintiff's Complaint asserts seven (7) causes of action: (1) failure to pay all wages due; (2) failure to provide rest periods; (3) failure to provide meal periods; (4) failure to provide accurate itemized wage statements; (5) failure to pay wages due at separation of employment; (6) violation of Cal. Business and Professions Code Section 17200, et seq; and (7) enforcement of the Private Attorney Generals Act of 2004, Cal. Labor Code § 2699, et seq.

## III.    JURISDICTION PURSUANT TO CAFA IS SATISFIED

16.     Pursuant to Section 4 of CAFA, 28 U.S.C. Section 1332(d)(2):

> The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which – (A) any member of a class of plaintiffs is a citizen of a State different from any defendant.

17.    Under CAFA, a removing defendant need not submit any evidence of the facts establishing jurisdiction in its notice of removal.  <u>Dart Cherokee Basin Operating Co., LLC v. Owens</u>, 135 S.Ct. 547, 551 (2014) (A notice of removal "need not contain evidentiary submissions.").  Rather, "[a] defendant's notice of removal need include only a plausible allegation that the jurisdictional facts exists." <u>Id.</u> at 554.  Evidence is required "<u>only</u> when the plaintiff contests, or the court questions, the defendant's allegation."  <u>Id.</u>  (emphasis added).

18.    The United States Supreme Court in <u>Dart Cherokee</u> held that "no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court," adding that "CAFA should be read 'with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant.'"  <u>Id.</u>  Following <u>Dart Cherokee</u>, the Ninth Circuit has directed the district courts to "interpret CAFA's provisions under section 1332 <u>broadly in favor of removal</u>…"  <u>Jordan v. Nationstar Mortg. LLC</u>, 781 F.3d 1178, 1184 (9th Cir. 2015) (emphasis added); <u>see also</u> <u>Ibarra v. Manheim Invs., Inc.</u>, 775 F.3d 1193, 1197 (9th Cir. 2015) ("Congress intended CAFA to be interpreted expansively").  In <u>Bridewell-Sledge v. Blue Cross</u>, 798 F.3d 923 (9th Cir. 2015), the Ninth Circuit held that under <u>Dart Cherokee</u>, the district court erred "in its remand orders by applying a 'strong presumption against removal jurisdiction.'"  <u>Moppin v. Los Robles Reg'l Med. Ctr.</u>, 2015 WL 5618872, at *2 (C.D. Cal. Sept. 24, 2015) ("[N]o presumption against removal exists in cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court").

A.    <u>**Minimum Diversity Of Citizenship Exists Here**</u>

19.    CAFA's minimal diversity requirement is satisfied when: (1) at least one plaintiff is a citizen of a state in which none of the defendants are citizens; (2) at least one plaintiff is a citizen of a foreign state and one defendant is a U.S. citizen;

NOTICE OF REMOVAL OF ACTION

1   or (3) at least one plaintiff is a U.S. citizen and one defendant is a citizen of a

2   foreign state.  See 28 U.S.C. § 1332(d).

3          20.    Plaintiff is a resident and citizen of California.  See Declaration of

4   Tiffany Schafer ("Schafer Decl.") ¶ 5; FAC, ¶ 7.  At all times set forth in the FAC,

5   Plaintiff worked for Defendant in California.  See FAC, ¶ 7.  Although no evidence

6   of domicile is required at the notice of removal stage, (Dart Cherokee, 135 S. Ct. at

7   554), "[p]roof of residence in a state is usually thought prima facie evidence of

8   domicile."  Bradley Min. Co. v. Boice, 194 F.2d 80, 84 (9th Cir. 1951); see also

9   Anderson v. Watt, 138 U.S. 694, 706 (1891) ("The place where a person lives is

10  taken to be his domicile until facts adduced establish the contrary . . ."); Barborsa v.

11  Transp. Drivers, Inc., 2015 WL 9272828, at *2 (C.D. Cal. Dec. 18, 2015) ("a

12  person's residence is prima facie evidence of his or her place of domicile for

13  purposes of diversity jurisdiction") (quotations omitted).  Furthermore, "a party with

14  the burden of proving citizenship may rely on the presumption of continuing

15  domicile, which provides that, once established, a person's state of domicile

16  continues unless rebutted with sufficient evidence of change."  Mondragon v.

17  Capital One Auto Fin., 736 F.3d 880, 885 (9th Cir. 2013).

18         21.    Further, where there are no allegations of citizenship of certain parties

19  in the complaint, a removing party may introduce "objective facts" in support of

20  removal that would tend to show the domicile or citizenship of a party in a particular

21  state.  Lew v. Moss, 797 F.2d 747, 749 (9th Cir. 1986) ("the determination of an

22  individual's domicile involves a number of factors (no single factor controlling),

23  including: current residence, voting registration and voting practices, location of

24  personal and real property, location of brokerage and bank accounts, location of

25  spouse and family, membership in unions and other organizations, place of

26  employment or business, driver's license and automobile registration, and payment

27  of taxes").

28

22.     Here, Plaintiff worked and lives in California.  See Schafer Decl., ¶ 5; FAC, ¶ 7. Accordingly, Plaintiff is now at the time of this removal, and was at the institution of this civil action, a citizen of California for purposes of determining diversity.  See 28 U.S.C. § 1332(a)(1) (an individual is a citizen of the state in which he or she is domiciled); State Farm Mut. Auto. Ins. Co. v. Dyer, 19 F.3d 514, 520 (10th Cir. 1994) (residence is prima facie evidence of domicile for purposes of determining citizenship).

23.     For diversity purposes, a corporation is deemed to be a citizen of the state in which it has been incorporated and the state where it has its principal place of business.  See 28 U.S.C. § 1332(c)(1).  A corporation's principal place of business is the state containing "'a substantial predominance of corporate operations.'"  Tosco Corp. v. Communities for a Better Environment, 236 F.3d 495, 500 (9th Cir. 2001) (quoting Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990)).

24.     The U.S. Supreme Court has clarified the definition of a corporation's "principal place of business."  In Hertz Corp. v. Friend, 130 S.Ct. 1181, 1192 (2010), the Supreme Court concluded that that "'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities."  The Supreme Court further clarified that, "in practice" the principal place of business "should normally be the place where the corporation maintains its headquarters - provided that the headquarters is the actual center of direction, control, and coordination."  Id.

25.     Under the foregoing standard, the facts here clearly establish that Defendant is now at the time of this removal and was at the institution of this civil action, a citizen of Delaware and Maryland for purposes of removal.  Defendant was and is incorporated in the State of Delaware and it maintains its corporate headquarters in Bethesda, Maryland.  See FAC, ¶ 9; Declaration of Andrew Wright ("Wright Decl.,") ¶¶ 2-3.  It is Bethesda, Maryland where Defendant's high-level

NOTICE OF REMOVAL OF ACTION

officers direct, control, and coordinate each Defendant's activities. <u>See</u> Wright Decl., ¶ 3. Defendant's executive operations are managed from its corporate headquarters. <u>Id.</u> Accordingly, Defendant's principal place of business is in Maryland. <u>Id.</u>; 28 U.S.C. § 1332(c)(1); <u>Tosco Corp.</u>, 236 F.3d at 500.

26.    In accordance with the foregoing, Plaintiff is a citizen of the State of California, while Defendant is a citizen of the States of Delaware and Maryland, which are the state of incorporation and the principal place of business, respectively, for Defendant. Thus, the minimum diversity requirement under CAFA is satisfied.

27.    Pursuant to 28 U.S.C. § 1441(a), the residence of fictitious and unknown defendants should be disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. § 1332. <u>Fristoe v. Reynolds Metals Co.</u>, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a removal petition); <u>Soliman v. Philip Morris, Inc.</u>, 311 F.3d 966, 971 (9th Cir. 2002) (citizenship of fictitious defendants disregarded for removal). Thus, the existence of Doe defendants 1 through 10, does not deprive this Court of jurisdiction, and there are no other named defendants in the proceeding.

28.    Defendant is the only named Defendant in the FAC, and Defendant is not aware of any other defendant that exists and/or who has been named in the FAC or otherwise served with the FAC.

**B.    The Amount In Controversy Exceeds The $5,000,000 Requirement Under CAFA**

29.    Without making an admission of liability or damages with respect to any aspects of this case or the proper legal test(s) applicable to Plaintiff's allegations on behalf of herself and the putative class, the amount in controversy exceeds the jurisdictional minimum of this Court as detailed below.

30.    "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdiction threshold." <u>Dart Cherokee</u>, 135 S.Ct. at 554. Moreover, a defendant need not set forth evidence

NOTICE OF REMOVAL OF ACTION

establishing the amount in its notice of removal.  <u>Id</u>.  A defendant is not obliged to "research, state, and prove the plaintiff's claims for damages."  <u>McCraw v. Lyons,</u> 863 F. Supp. 430, 434 (W.D. Ky. 1994).  A defendant can establish the amount in controversy by "providing only a short and plain statement of the grounds for removal."  <u>Ehrman v. Cox Commc'ns, Inc</u>., 932 F.3d 1223, 1225 (9th Cir. 2019); <u>see also</u> <u>Dart Cherokee</u>, 135 S. Ct. at 547 (holding "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold" and evidentiary submissions are required only if "the plaintiff contests, or the court questions, the defendant's allegations").  Here, Defendant alleges there is more than $5,000,000 in controversy.

31.    CAFA authorizes the removal of class actions in which, among the other factors mentioned above, the aggregate amount in controversy for all class members exceeds five million dollars ($5,000,000.00).  <u>See</u> 28 U.S.C. § 1332(d). By demonstrating that the actual amount in controversy exceeds the threshold, Defendant does not concede the validity of Plaintiff's claims or the likelihood that Plaintiff will certify any class or recover anything.

32.    "In determining the amount in controversy, the Court accepts the allegations contained in the complaint as true and assumes the jury will return a verdict in the plaintiff's favor on every claim."  <u>Henry v. Cent. Freight Lines, Inc.</u>, 692 F. App'x 806, 807 (9th Cir. 2017).  "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability."  <u>Lewis v. Verizon Communs., Inc</u>., 627 F.3d 395, 400 (9th Cir. 2010); <u>Coleman v. Estes Express Lines, Inc.</u>, 730 F. Supp. 2d 1141, 1148 (C.D. Cal. 2010) ("In deciding the amount in controversy, the Court looks to what the plaintiff has alleged, not what the defendants will owe…") (<u>aff'd</u>, 631 F.3d 1010 (9th Cir. 2011)); <u>Muniz v. Pilot Travel Centers LLC</u>, 2007 WL 1302504, at *3 (E.D. Cal. Apr. 30, 2007) ("The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe.").

33.     In the Ninth Circuit, the amount in controversy is determined "at the time of removal." Kroske v. US Bank Corp., 432 F.3d 976, 980 (9th Cir. 2005) (quoting Singer v. State Farm Mut. Auto. Ins. Co., 116 F.3d 373, 376 (9th Cir. 1997)).  In Chavez v. JPMorgan Chase, 888 F.3d 413, 417 (9th Cir. 2018), the Ninth Circuit held "[t]hat the amount in controversy is assessed at the time of removal does not mean that the mere futurity of certain classes of damages precludes them from being part of the amount in controversy." Id. at 417.  Chavez held that "the amount in controversy is not limited to damages incurred prior to removal—for example, it is not limited to wages plaintiff-employee would have earned before removal (as opposed to after removal).  Rather, the amount in controversy is determined by the complaint operative at the time of removal and encompasses all relief a court may grant on that complaint if the plaintiff is victorious." Id. at 414-15.  The Ninth Circuit again affirmed these principles in Fritsch v. Swift Transp. Co. of Ariz., LLC, 899 F.3d 785 (9th Cir. 2018).

34.     Defendant provides the following calculations only to demonstrate that the amount in controversy in this case easily exceeds the jurisdictional amount in controversy under CAFA jurisdiction.  Defendant makes no admission of any liability or damages with respect to any aspect of this case, or to the proper legal test to be applied to Plaintiff's claims.  Nor does Defendant waive its right to ultimately contest the proper amount of damages due, if any, should Plaintiff prevail with respect to any of her claims.

35.     Plaintiff's Complaint defines the putative class ("Proposed Putative Class") as: "All non-exempt California employees employed by Defendant[] at any time during the four (4) years prior to the filing of this Action and continuing through the present." See FAC, ¶ 13.

36.     Defendant independently determined based on its own business records that Plaintiff's Proposed Putative Class is comprised of at least 9,956 non-exempt employees who worked for MHS in California.  See Schafer Decl., ¶ 3(a).

-11-

37.     MHS independently determined based on its own business records that during the preceding four years prior to the filing of this action, i.e., July 21, 2018 to present, MHS paid Proposed Putative Class members at least minimum wage, which as of January 1, 2018 was at least $11.00 per hour in California, and higher if a local minimum wage ordinance applied.  Schafer Decl., ¶ 4.  As of January 1, 2019, it was at least $12.00 per hour in California, and higher if a local minimum wage ordinance applied.  Id.  Many of MHS's non-exempt hourly employees earn at least several dollars more per hour, and none has been paid below the operative California minimum wage.  Id.

38.     Defendant independently determined based on its own business records that between July 21, 2019 and present, at least 3,381 members of the Proposed Putative Class separated from employment with MHS.  Id., ¶ 3(b).

39.     Defendant independently determined based on its own business records that MHS paid Proposed Putative Class members on a weekly basis, and from July 21, 2021 to present, MHS provided at least 155,867 wage statements to members of the Proposed Putative Class.  Id., ¶ 3(c).

### a.     Wage Statement Penalties

40.     Under Cal. Labor Code § 226(e), an employee who suffers injury as a result of an intentional and knowing failure by his or her employer to provide complete and correct wage statements may recover $50 for the initial pay period in which a violation occurs and $100 for each violation in a subsequent pay period, up to a maximum of $4,000.

41.     Here, Plaintiff allege that Defendant failed to provide wage statements that complied with California law to the members of the Proposed Putative Class.  See FAC, ¶¶ 35-37.

42.     The statute of limitations for California wage statement penalties is one year.  See Cal. Code Civ. Proc. § 340(a).  Thus, the relevant time period alleged by

1  Plaintiff for her wage statement penalties claim is July 21, 2021 through the

2  conclusion of this action.

3      43.    Throughout the relevant time period, Defendant paid the alleged

4  members of the Proposed Putative Class on a weekly basis, and provided at least

5  least 155,867 wage statements to members of the Proposed Putative Class during

6  that time period.  See Schafer Decl., ¶ 3(c).

7      44.    Should Plaintiff prevail on this claim on behalf of herself and Proposed

8  Putative Class Members, and conservatively assuming only a $50 penalty per wage

9  statement, alleged damages would amount to approximately **$7,793,350** ($50 per

10  wage statement x 155,867 wage statements).

11          **b.    <u>Waiting Time Penalties</u>**

12      45.    Under Cal. Labor Code § 203, "If an employer willfully fails to pay,

13  without abatement or reduction, in accordance with Sections 201 [or] 202…any

14  wages of an employee who is discharged or who quits, the wages of the employee

15  shall continue as a penalty from the due date thereof at the same rate until paid or

16  until an action therefor is commenced; but the wages shall not continue for more

17  than 30 days."

18      46.    Plaintiff allege that Defendant willfully failed to pay wages to former

19  employees in accordance with Cal. Labor Code §§ 201 and 202.  Pursuant to Labor

20  Code § 203, Plaintiff seeks waiting time penalties at the employees' regular rate of

21  pay, for a penalty of up to 30 days' wages.  See FAC, ¶¶ 40-42.

22      47.    The statute of limitations for a claim under Labor Code § 203 is three

23  years.  <u>Pineda v. Bank of Am. N.A.</u>, 50 Cal. 4th 1389, 1398 (2010). There were at

24  least 3,381 Proposed Putative Class members whose employment with MHS

25  terminated between July 21, 2019 and present.  See Schafer Decl., ¶ 3(b).

26      48.    Therefore, Defendant independently determined based on MHS's own

27  business records and on the allegations contained within Plaintiff's FAC that

28  Plaintiff alleged an amount in controversy for waiting time penalties damages

(exclusive of interest) in the amount of **$9,737,280** accrued as of present ($12/hr average lowest rate of pay * 8 hours per day * 30 days * 3,381 former alleged Proposed Putative Class members).

49.    Defendant is and would be justified in using a 100% violation rate in computing the amount in controversy based on the nature of Plaintiff's allegations that:  (1) Defendant allegedly fails "to issue Plaintiff and Class members that fully and accurately itemize the requirements set forth in Labor Code § 226(a)" (FAC, ¶ 36); and (2) Defendant allegedly "paid Plaintiff and Class Members their final wages beyond the time frames set forth in Labor Code § 201-202" and as a result of this allegedly "willful conduct in not paying wages owed timely upon separation of employment, Plaintiff and Class Members are entitled to up to 30 days' wages as a penalty" (id., ¶¶ 40, 42).  See Coleman, 730 F. Supp. 2d at 1149 (C.D. Cal. 2010) ("courts have assumed a 100% violation rate in calculating the amount in controversy when the complaint does not allege a more precise calculation."); Mortley v. Express Pipe & Supply Co., 2018 WL 708115, at *4 (C.D. Cal. Feb. 5, 2018) (100% violation rate proper when allegations of wage-hour violations are "routine and systematic").

### c.    Amount In Controversy For Plaintiff's Other Claims

50.    In addition to the claims identified above, Plaintiff also alleges that she and the Proposed Putative Class members were not paid minimum and overtime wages in accordance with California law and were denied lawful meal and rest periods.  See FAC, ¶¶ 24-25, 28, 32.

51.    Labor Code § 1194 states that an employee receiving less than the legal minimum wage or the legal overtime wage is entitled the recover the amount owed in a civil action.

52.    California law requires employers to pay employees one additional hour of pay at the employee's regular rate of pay for each workday that a rest or

NOTICE OF REMOVAL OF ACTION

1   meal period that is required to be provided is not provided.  See Cal. Labor Code
2   §§ 226.7, 512.

3       53.    Thus, Plaintiff's claims for unpaid minimum wage and overtime wages
4   and unpaid meal and rest period premiums further increases the amount in
5   controversy beyond the jurisdictional minimum of $5,000,000.

6           **d.    Amount In Controversy For Attorneys' Fees**

7       54.    Plaintiff also alleges an entitlement to attorneys' fees.  See FAC, Prayer
8   at ¶ 10.  Under Ninth Circuit precedent, a plaintiff's claim for attorneys' fees must
9   be included in the amount in controversy.  Galt G/S v. JSS Scandinavia, 142 F.3d
10  1150, 1156 (9th Cir. 1998) ("where an underlying statute authorizes an award of
11  attorneys' fees, either with mandatory or discretionary language, such fees may be
12  included in the amount in controversy.").  In Fritsch v. Swift Transp. Co. of Ariz.,
13  LLC, 899 F.3d 785 (9th Cir. 2018), the Ninth Circuit held that future attorneys' fees
14  that are claimed, but not accrued at the time of removal, must be considered in the
15  amount in controversy.

16      55.    Courts may use a 25% benchmark of total recovery when estimating
17  the attorney's fees in controversy.  Garibay v. Archstone Comms. LLC, 539 F.
18  App'x 763, 764 (9th Cir. 2013); Rodriguez v. Cleansource, Inc., 2014 WL 3818304,
19  at *4 (S.D. Cal. Aug. 4, 2014); Marshall v. G2 Secure Staff, LLC, 2014 WL
20  3506608 (C.D. Cal. July 14, 2014); Jasso v. Money Mart Exp., Inc., 2012 WL
21  699465 (N.D. Cal. Mar. 1, 2012); Ramos v. Schenker, Inc., 2018 WL 5779978, at
22  *3 (C.D. Cal. Nov. 1, 2018); Ramirez v. Benihana Nat'l Corp., 2019 WL 131843, at
23  *2 (N.D. Cal. Jan. 8, 2019); see also Hanlon v. Chrysler Corp., 150 F.3d 1011, 1029
24  (9th Cir. 1998) ("This circuit has established 25% of the common fund as a
25  benchmark award for attorney fees").  Thus, an additional minimum amount of
26  **$4,382,657.50** must be included in the amount in controversy ([at least $7,793,350
27  in alleged wage statement penalties] + [at least $9,737,280 in alleged waiting time
28  penalties] x 25%).

56.    And the same amount for alleged attorneys' fees is in controversy using the "lodestar" method of fee computation.  <u>Chavez v. Netflix, Inc</u>., 162 Cal. App. 4th 43, 66 n.11 (2008) ("Empirical studies show that, regardless whether the percentage method or the lodestar method is used, fee awards in class actions average around one-third of the recovery"); <u>Smith v. CRST Van Expedited, Inc.</u>, 2013 WL 163293, at *5 (S.D. Cal. Jan. 14, 2013) ("California has recognized that most fee awards based on either a lodestar or percentage calculation are 33 percent and has endorsed the federal benchmark of 25 percent").

57.    For all of the forgoing reasons, Defendant alleges that the amount placed in controversy by Plaintiff's FAC is at least **$21,913,287.50**, which is significantly greater than the jurisdictional minimum of $5,000,000 required by CAFA, both at the time removal and at the institution of this civil action.  The amount in controversy requirement for CAFA is therefore satisfied.

**C.    <u>No CAFA Exceptions Apply</u>**

58.    CAFA contains a number of exceptions to its grant of original jurisdiction, contained in 28 U.S.C. §§ 1332(d)(3)-(5).  However, none of these exceptions is applicable here.  The party resisting removal has the burden of proving the existence of a CAFA exception.  <u>King v. Great Am. Chicken Corp.</u>, 903 F.3d 875, 878 (9th Cir. 2018).

59.    The first is a discretionary exception based on the number of putative class members found in the state where the action was filed.  <u>See</u> 28 U.S.C. § 1332(d)(3).  However, the exception only applies where the "primary defendants are citizens of the State in which the action was originally filed."  Here, the action was originally filed in California and, as noted above, Defendant is not a citizen of California.  Thus, this exception does not apply.

60.    Similarly, 28 U.S.C. § 1332(d)(4) contains two further exceptions to CAFA's grant of jurisdiction, based on the number of putative class members in the state in which the action was filed.  However, this exception, too, only applies where

all primary defendants, or at least one defendant whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class, is a "citizen of the State in which the action was originally filed." See 28 U.S.C. §§ 1332(d)(4)(A)(i)(II),1332(d)(4)(B).  Given that this action was originally filed in California, and that Defendant, which is the only defendant in this lawsuit, is not a California citizen, these exceptions also do not apply.

61.    Finally, 28 U.S.C. § 1332(d)(5) presents two additional exceptions for defendants who are government entities, or putative classes which number less than 100 in the aggregate.  See 28 U.S.C. §§ 1332(d)(5)(A)-(B). Given that the only Defendant is not a governmental entity, and that the proposed class numbers are alleged to be greater than 100 individuals, these exceptions also do not apply.

## IV.    SUPPLEMENTAL JURISDICTION

62.    Under 28 U.S.C. § 1367(a):

> "Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties."

63.    To the extent the Court concludes it lacks original jurisdiction over any of Plaintiff's claims, it should exercise supplemental jurisdiction over such claims pursuant to 28 U.S.C. § 1367(a), since each of Plaintiff's causes of action emanate from and form part of the same "case or controversy" as Plaintiff's other claims, such that they should all be tried in one action.  Nishimoto v. Federman-Backrach & Assoc., 903 F.2d 709, 714 (9th Cir. 1990).  Considerations of convenience, judicial economy, and fairness to the litigants strongly favor this Court exercising jurisdiction over all claims pleaded in Plaintiff's FAC.  Executive Software v. U.S.

1  <u>Dist. Court</u>, 24 F.3d 1545, 1557 (9th Cir. 1994); <u>Pinnock v. Solana Beach Do It</u>

2  <u>Yourself Dog Wash, Inc.</u>, 2007 WL 1989635, at *3 (S.D. Cal. 2007).

3        64.    Here, the Court has supplemental jurisdiction over Plaintiff's non-class

4  PAGA claim, because that claim emanates from and forms part of the same "case or

5  controversy" as Plaintiff's class claims, such that they should all be tried in one

6  action. <u>Nishimoto</u>, 903 F.2d at 714. Plaintiff's PAGA claim seeks to recover civil

7  penalties arising from the same exact alleged wage and hour violations alleged in

8  Plaintiff's class claims. <u>See</u> FAC, ¶¶ 53-57; <u>Thompson v. Target Corp.</u>, 2016 WL

9  4119937, at *12 (C.D. Cal. 2016) ("Plaintiff's PAGA and class claims concern the

10  same misconduct by Defendant and the PAGA claims are therefore properly within

11  the Court's supplemental jurisdiction."). Considerations of convenience, judicial

12  economy, and fairness to the litigants strongly favor this Court exercising

13  jurisdiction over all claims pleaded in the FAC. <u>Executive Software</u>, 24 F.3d at

14  1557; <u>see also</u> <u>Pinnock</u>, 2007 WL 1989635, at *3.

15        65.    None of the exceptions to supplemental jurisdiction found in 28 U.S.C.

16  § 1332(c) is applicable to this case. Plaintiff's PAGA claim does not raise novel or

17  complex issues of state law different from the class claims, it does not substantially

18  predominate over the named Plaintiff's individual claims, the class claims have not

19  been dismissed, and there are no exceptional circumstances or compelling reasons

20  for declining jurisdiction. The exceptions enumerated in 28 U.S.C. § 1332(c) are

21  the exclusive grounds under which the Court may decline to exercise supplemental

22  jurisdiction. <u>Executive Software</u>, 24 F.3d at 1556.

23        66.    For these reasons, the Court has supplemental jurisdiction over any

24  claims pleaded by Plaintiff falling outside of the Court's original jurisdiction,

25  including but not limited to Plaintiff's claim for civil penalties under PAGA, Labor

26  Code §§ 2699, <u>et seq</u>. <u>See</u> FAC, ¶¶ 53-57.

27

28

-18-

NOTICE OF REMOVAL OF ACTION

## V.    TIMELINESS OF REMOVAL

67.    Plaintiff's pleading in this action fails to affirmatively disclose the amount in controversy or information from which Defendant could readily ascertain the amount in controversy without independent investigation and analysis. Plaintiff's pleading was therefore "indeterminate" as to whether federal jurisdiction existed.  See Harris v. Bankers Life & Cas. Co., 425 F.3d 689 (9th Cir. 2005); Roth v. CHA Hollywood Med. Ctr., L.P., 720 F.3d 1121 (9th Cir. 2013).

68.    In all events, this Notice of Removal is filed within thirty (30) days after service of the FAC, which added the proposed class claims, on November 17, 2022.  Murphy Bros v. Michetti Pipe Stringing, Inc., 526 U.S. 344 (1999) (thirty-day window to remove does not run until formal service is complete under state law).

## VI.    NOTICE TO PLAINTIFF AND STATE COURT

69.    Contemporaneous with the filing of this Notice of Removal in the United States District Court for the Northern District of California, written notice of such filing will be served on Plaintiff's counsel of record, at Gaines & Gaines, APLC, 4550 East Thousand Oaks Blvd., Ste. 100, Westlake Village, CA 91362.  In addition, a copy of this Notice of Removal will be filed with the Clerk of the Court for the Superior Court of the County of Santa Clara, California.

70.    In compliance with 28 U.S.C. Section 1446(a), true and correct copies of all "process, pleadings, and orders" from the state court action served on Defendant or filed by Defendant are attached hereto as Exhibits 1 through 10.

WHEREFORE, having provided notice as is required by law, the above-entitled action should be removed from the Superior Court for the County of Santa Clara to this Court.

\\

\\

\\

1  Dated:  December 16, 2022

2                    SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

3

4                    By _____
                                    /s/ Tyler Z. Bernstein
5                                  GREG S. LABATE
                                  TYLER Z. BERNSTEIN
6                                Attorneys For Defendant
                             MARRIOTT HOTEL SERVICES, INC.
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 1

# EXHIBIT 1

**Wolters Kluwer**

## Service of Process Transmittal Summary

**TO:**     Jack Tamburello
MARRIOTT INTERNATIONAL, INC.
10400 FERNWOOD RD DEPT 52/862
BETHESDA, MD 20817-1102

**RE:**     **Process Served in California**

**FOR:**    MARRIOTT HOTEL SERVICES, INC.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: GABRIELA BUSTAMANTE, on behalf of herself and all "aggrieved employees" pursuant to Labor Code 2698 et seq. // To: MARRIOTT HOTEL SERVICES, INC. |
| **DOCUMENT(S) SERVED:** | Summons, Cover Sheet, Attachment(s), Complaint, Notice(s), Order |
| **COURT/AGENCY:** | Santa Clara - Superior Court, CA<br>Case # 22CV400968 |
| **NATURE OF ACTION:** | Employee Litigation |
| **PROCESS SERVED ON:** | C T Corporation System, GLENDALE, CA |
| **DATE/METHOD OF SERVICE:** | By Process Server on 07/25/2022 at 02:01 |
| **JURISDICTION SERVED:** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S)/SENDER(S):** | Evan S. Gaines<br>Gaines & Gaines, APLC<br>4550 East Thousand Oaks Boulevard<br>Suite 100<br>Westlake Village, CA 91362<br>818-703-8985 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 07/26/2022, Expected Purge Date: 07/31/2022 |
| | Image SOP |
| | Email Notification,  Randi Neches  Randi.Neches@Marriott.com |
| | Email Notification,  Reine Blackwell-Moore  reine.blackwell@marriott.com |
| | Email Notification,  Eleni Planzos  eleni.planzos@marriott.com |
| | Email Notification,  Matthew Casassa  matthew.casassa@marriott.com |
| | Email Notification,  Margaret Dakan  margaret.dakan@marriott.com |
| | Email Notification,  Michael Martinez  michael.martinez@marriott.com |
| | Email Notification,  Theresa Coetzee  Theresa.Coetzee@marriott.com |
| | Email Notification,  Dave Bell  dave.bell@marriott.com |



**CT Corporation**
**Service of Process Notification**
07/25/2022
CT Log Number 541987687

Email Notification, Margot Metzger  margot.metzger@marriott.com

Email Notification, Jack Tamburello  jack.tamburello@marriott.com

| | |
|---|---|
| **REGISTERED AGENT CONTACT:** | C T Corporation System |
| | 330 N BRAND BLVD |
| | STE 700 |
| | GLENDALE, CA 91203 |
| | 800-448-5350 |
| | MajorAccountTeam1@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**                                    Mon, Jul 25, 2022
**Server Name:**                         Jimmy Lizama

| Entity Served | MARRIOTT HOTEL SERVICES, INC. |
|---|---|
| Case Number | 22CV400968 |
| Jurisdiction | CA |

| Inserts | | |
|---|---|---|
| | | |



**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

<table>
<tr><td>

**NOTICE TO DEFENDANT:** MARRIOTT HOTEL SERVICES, INC., a
***(AVISO AL DEMANDADO):*** Delaware corporation, and DOES 1 through
10, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:** GABRIELA BUSTAMANTE, on behalf
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):*** of herself and all
"aggrieved employees" pursuant to Labor Code § 2698 et seq.

</td><td>

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

E-FILED
7/21/2022 10:08 AM
Clerk of Court
Superior Court of CA,
County of Santa Clara
22CV400968
Reviewed By: R. Walker
Envelope: 9510919

</td></tr>
</table>

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

<table>
<tr><td>

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of California, County of Santa Clara
191 North First Street
San Jose, California  95113

</td><td>

CASE NUMBER:
*(Número del Caso):*
**22CV400968**

</td></tr>
</table>

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: Daniel F. Gaines, Esq. #202754
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
GAINES & GAINES, APLC
4550 E. Thousand Oaks Blvd., Suite 100, Westlake Village, CA 91362          818-703-8985

DATE: 7/21/2022 10:08 AM     Clerk of Court     Clerk, by  R. Walker                     , Deputy
*(Fecha)*                                          *(Secretario)*                           *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒☒ on behalf of *(specify):* MARRIOTT HOTEL SERVICES, INC., a Delaware corporation

under: ☒☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
        ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
        ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
        ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]
**SUMMONS**
Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
Westlaw Doc & Form Builder

# EXHIBIT 2

# EXHIBIT 2

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Daniel F. Gaines, Esq.    SBN: 202754<br>GAINES & GAINES, APLC<br>4550 E. Thousand Oaks Blvd., Suite 100, Westlake Village, CA 91362<br>TELEPHONE NO: 818-703-8985    FAX NO. (Optional): 818-703-8984<br>E-MAIL ADDRESS: daniel@gaineslawfirm.com<br>ATTORNEY FOR (Name): Plaintiff, Gabriela Bustamante | **Electronically Filed<br>by Superior Court of CA,<br>County of Santa Clara,<br>on 7/21/2022 10:08 AM<br>Reviewed By: R. Walker<br>Case #22CV400968<br>Envelope: 9510919** |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
STREET ADDRESS: 191 North First Street
MAILING ADDRESS: 191 North First Street
CITY AND ZIP CODE: San Jose, 95113
BRANCH NAME: Downtown Superior Court

CASE NAME: Bustamante v. Marriott Hotel Services, Inc., et al.

| CIVIL CASE COVER SHEET<br>[X] Unlimited (Amount demanded exceeds $25,000)  [ ] Limited (Amount demanded is $25,000 or less) | Complex Case Designation<br>[ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | CASE NUMBER: **22CV400968**<br>JUDGE:<br>DEPT: |
|---|---|---|

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[X] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [X] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action (specify): One (1)
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: 7/21/22

Daniel F. Gaines, Esq.
(TYPE OR PRINT NAME)

▶ *Daniel F. Gaines*
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. September 1, 2021] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courts.ca.gov |
|---|---|---|

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) *(if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability *(not asbestos or
  toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) *(not civil
  harassment)* (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract *(not unlawful detainer
    or wrongful eviction)*
  Contract/Warranty Breach–Seller
    Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage *(not provisionally
  complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent
  domain, landlord/tenant, or
  foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  *(arising from provisionally complex
  case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment *(non-
    domestic relations)*
  Sister State Judgment
  Administrative Agency Award
    *(not unpaid taxes)*
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
  above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-
    harassment)*
  Mechanics Lien
  Other Commercial Complaint
    Case *(non-tort/non-complex)*
  Other Civil Complaint
    *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition *(not specified
  above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
    Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**

# EXHIBIT 3

# EXHIBIT 3

1    DANIEL F. GAINES, ESQ. SBN 251488
     daniel@gaineslawfirm.com
2    ALEX P. KATOFSKY, ESQ. SBN 202754
     alex@gaineslawfirm.com
3    EVAN S. GAINES. SBN 287668
     evan@gianeslawfirm.com
4    **GAINES & GAINES, APLC**
     4550 East Thousand Oaks Boulevard, Suite 100
5    Westlake Village, CA 91362
     Telephone: (818) 703-8985
6    Facsimile: (818) 703-8984

E-FILED
7/21/2022 10:08 AM
Clerk of Court
Superior Court of CA,
County of Santa Clara
22CV400968
Reviewed By: R. Walker

7    Attorneys for Plaintiff Gabriela Bustamante, on behalf of herself and all "aggrieved employees"
     pursuant to Labor Code § 2698 *et seq.*

8

9                    **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10                        **FOR THE COUNTY OF SANTA CLARA**

11

12   GABRIELA BUSTAMANTE, on behalf of
     herself and all "aggrieved employees" pursuant
13   to Labor Code § 2698 *et seq.*,

     CASE NO:  **22CV400968**

14                        Plaintiff,

     **REPRESENTATIVE ACTION
     COMPLAINT FOR PENALTIES
     PURSUANT TO LABOR CODE § 2699(f)
     FOR VIOLATIONS OF LABOR CODE
     §§ 201, 202, 226(a), 226.7, 510, 512, AND
     1194 AND PURSUANT TO LABOR CODE
     § 2699(a) FOR VIOLATIONS OF LABOR
     CODE §§ 226.3 AND 558**

15        v.

16   MARRIOTT HOTEL SERVICES, INC., a
     Delaware corporation, and DOES 1 through
17   10, inclusive,

18                        Defendants.

19

20

21

22

23

24

25

26

27

28

-1-

REPRESENTATIVE ACTION COMPLAINT

Plaintiff GABRIELA BUSTAMANTE ("Plaintiff"), on behalf of herself and others as an "aggrieved employee" under the Labor Code Private Attorneys General Act of 2004, complains of MARRIOTT HOTEL SERVICES, INC., a California corporation, and/or any subsidiaries or affiliated companies (hereinafter referred to as "Defendants"), as follows:

## I.

## INTRODUCTION AND FACTUAL BACKGROUND

1.    This is a Representative Action, pursuant to Labor Code § 2698 et seq., on behalf of Plaintiff and other non-exempt California employees who currently work or formerly worked for Defendants ("Aggrieved Employees").

2.    For at least one (1) year prior to the filing of this action and at least one (1) year prior to the date Plaintiff began the process of exhausting the administrative requirements, pursuant to Labor Code § 2698 et seq., and continuing to the present (the "liability period"), Defendants have had consistent policies of:

   a.    Failing to properly compute all non-base hourly wages (including banquet service charges) earned by Plaintiff and other Aggrieved Employees into their regular rate of pay for purposes of paying them meal and rest period premiums and overtime wages at the correct rates, in violation of Labor Code §§ 226.7, 510, 512, 558 and 1194. Defendants paid Plaintiff and other Aggrieved Employees non-base hourly wages (including banquet service charges) for working specific shifts; however, Defendants failed to properly blend these non-base hourly wages and instead paid Plaintiff and other Aggrieved Employees meal and rest period premiums and overtime wages based only on the base hourly rate of pay, or at some other incorrect rate below the proper rate, thus depriving Plaintiff and other Aggrieved Employees of all meal and rest period premiums and overtime wages earned. This violates Labor Code §§ 226.7, 510, 512, 558 and 1194;

   b.    Failing to pay correct premium wages to Plaintiff and other Aggrieved Employees who were denied rest periods, in violation of Labor Code § 226.7 and IWC Wage Order 5-2001. Plaintiff and other Aggrieved Employees were routinely not authorized and unable to take an off-duty 10-minute rest period for every four (4) hours of work or major

-2-

REPRESENTATIVE ACTION COMPLAINT

fraction thereof, but were not paid premium wages of one hour's pay at the correct rate for each missed rest period. When they are able to take a rest period, Plaintiff and Aggrieved Employees were improperly prohibited from leaving Defendants' premises, thereby subjecting them to Defendants' control during their rest periods. These instances violate Labor Code §§ 226.7, 510, 558, and 1194 and IWC Wage Order 5-2001;

c.    Failing to pay correct premium wages to Plaintiff and other Aggrieved Employees who were denied proper meal periods, in violation of Labor Code §§ 226.7, 512, 558 and IWC Wage Order 5-2001. Plaintiff and Aggrieved Employees were routinely denied, and not authorized to take, a proper, timely, uninterrupted, 30-minute meal period for every shift worked that exceeded five hours, or a second proper, timely, uninterrupted, 30-minute meal period for every shift worked that exceeded ten hours, but were not paid premium wages of one hour's pay at the correct rate for each missed first or second meal period. When Plaintiff and other Aggrieved Employees were able to take a meal period, they were oftentimes late or short. These instances violate Labor Code §§ 226.7, 510, 512, 558, and 1194 and IWC Wage Order 5-2001;

d.    Failing to provide Plaintiff and other Aggrieved Employees with wage statements that fully and accurately itemized the requirements set forth in Labor Code § 226(a). Plaintiff and Aggrieved Employees were not paid all wages due, as stated above. As such, the wage statements provided by Defendants failed to accurately state all gross wages earned, in violation of Labor Code §§ 226(a)(1) and 226.3, total hours worked, in violation of Labor Code §§ 226(a)(2) and 226.3, net wages earned, in violation of Labor Code §§ 226(a)(5) and 226.3, and all applicable hourly rates in effect during the pay period and the corresponding numbers of hours worked at each rate, in violation of Labor Code §§ 226(a)(9) and 226.3; and

e.    Failing to pay Plaintiff and certain Aggrieved Employees all wages due at the separation of their employment based on the time frames required by Labor Code §§ 201 and 202. As stated above, Plaintiff and Aggrieved Employees were not paid all wages due during the course of their employment and, as a result of this failure, they were not timely paid all

wages due at the separation of their employment. This violates Labor Code §§ 201-202 and is alleged on behalf of Plaintiff and certain Aggrieved Employees no longer employed by Defendants.

3.    Plaintiff, on behalf of herself and all Aggrieved Employees pursuant to Labor Code § 2698 *et seq.*, seeks civil penalties for Defendants' violations of the California Labor Code.

## II.

## PARTIES

### A.    Plaintiff

4.    Plaintiff GABRIELA BUSTAMANTE was employed by Defendants from October 2021 through March 2022 as a non-exempt employee in Monterey County, California.

### B.    Defendant

5.    Defendant MARRIOTT HOTEL SERVICES, INC., is a Delaware corporation. Defendant employed Plaintiff and Aggrieved Employees throughout the State of California, including Santa Clara County, California.

6.    The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants sued herein as DOES 1 to 10, inclusive, are currently unknown to Plaintiff, who therefore sues Defendants by such fictitious names under Code of Civil Procedure § 474. Plaintiff is informed and believes, and based thereon alleges, that each of the Defendants designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to herein. Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the Defendants designated hereinafter as DOES when such identities become known.

7.    Plaintiff is informed and believes, and based thereon alleges, that each Defendant acted in all respects pertinent to this action as the agent of the other Defendant, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant is legally attributable to the other Defendants.

8.    The Defendants named herein as DOE 1 through DOE 10 are and were persons acting on behalf of, or acting jointly with, Defendants, who violated, or caused to be violated, one or more provisions of the California Labor Code as alleged herein.

1

**IV.**

**CAUSES OF ACTION**

**FIRST CAUSE OF ACTION**

**PLAINTIFF AND ALL AGGRIEVED EMPLOYEES AGAINST ALL DEFENDANTS**

**CIVIL PENALTIES PURSUANT TO LABOR CODE § 2699(f) FOR VIOLATIONS OF**

**LABOR CODE §§ 201, 202, 226(a), 226.7, 510, 512, AND 1194 AND PURSUANT TO LABOR**

**CODE § 2699(a) FOR VIOLATIONS OF LABOR CODE §§ 226.3 AND 558**

9.      Plaintiff incorporates paragraphs 1 through 8 of this Complaint as though fully set forth herein.

10.     As a result of the acts alleged above, including the Labor Code violations set forth in paragraph 2 above, Plaintiff seeks civil penalties pursuant to Labor Code §§ 2698 *et seq.*

11.     For each such violation, Plaintiff and all other Aggrieved Employees are entitled to civil penalties subject to the following formula:

        a.      Pursuant to Labor Code § 2699(f), $100 for each initial violation and $200 for each subsequent violation of Labor Code §§ 201, 202, 226(a), 226.7, 510, 512, and 1194; and

        b.      Pursuant to Labor Code § 2699(a), the civil penalties as authorized by Labor Code §§ 226.3 and 558.

12.     Civil penalties recovered will be allocated 75% to the Labor and Workforce Development Agency, and 25% to the affected employees.

13.     On May 11, 2022, Plaintiff sent a letter, by online submission to the LWDA and by certified mail, return receipt requested, to Defendants setting forth the facts and theories of the violations alleged against Defendants, as prescribed by Labor Code § 2698 *et seq.*  Pursuant to Labor Code § 2699.3(a)(2)(A), no notice was received by Plaintiff from the LWDA within sixty-five (65) calendar days of May 11, 2022. Plaintiff may therefore commence this action to seek civil penalties pursuant to Labor Code § 2698 *et seq.*

        Wherefore, Plaintiff and the Aggrieved Employees she seeks to represent request relief as described below.

## V.

## RELIEF REQUESTED

WHEREFORE, Plaintiff prays for the following relief:

1.      For civil penalties pursuant to Labor Code § 2698 *et seq.* for Plaintiff and all other Aggrieved Employees;

2.      An award providing for payment of costs of suit pursuant to Labor Code § 2699(g)(1) and other applicable law;

3.      An award of attorneys' fees pursuant to Labor Code § 2699(g)(1) and other applicable law; and

4.      Such other and further relief as this Court may deem just and proper.

Dated: July 21, 2022                    Respectfully submitted,

                                        GAINES & GAINES
                                        A Professional Law Corporation


                                        By: *Evan S. Gaines*
                                            EVAN S. GAINES
                                            Attorneys for Plaintiff

REPRESENTATIVE ACTION COMPLAINT

# EXHIBIT 4

# EXHIBIT 4

ATTACHMENT CV-5012

# CIVIL LAWSUIT NOTICE
**Superior Court of California, County of Santa Clara**
**191 North First St., San José, CA 95113**

CASE NUMBER: **22CV400968**

## PLEASE READ THIS ENTIRE FORM

***PLAINTIFF*** (the person suing):  Within 60 days after filing the lawsuit, you must serve each Defendant with the *Complaint, Summons*, an *Alternative Dispute Resolution (ADR) Information Sheet*, and a copy of this *Civil Lawsuit Notice*, and you must file written proof of such service.

---

***DEFENDANT*** (The person sued):  **You must do each of the following to protect your rights:**

1. You must file a **written response** to the *Complaint, using the proper legal form or format*, in the Clerk's Office of the Court, within **30 days** of the date you were served with the *Summons* and *Complaint*;
2. You must serve by mail  a copy of your written response on the  Plaintiff's attorney or on the Plaintiff if Plaintiff has no attorney (to "serve by mail" means to have an adult other than yourself mail a copy); and
3. You must attend the first Case Management Conference.

   **Warning:  If you, as the Defendant, do not follow these instructions, you may automatically lose this case.**

---

***RULES AND FORMS:***  You must follow the California Rules of Court and the Superior Court of California, County of <_CountyName_> Local Civil Rules and use proper forms.  You can obtain legal information, view the rules and receive forms, free of charge, from the Self-Help Center at 201 North First Street, San José (408-882-2900 x-2926).

- State Rules and Judicial Council Forms: www.courtinfo.ca.gov/forms and www.courtinfo.ca.gov/rules
- Local Rules and Forms:  http://www.sccsuperiorcourt.org/civil/rule1toc.htm

***CASE MANAGEMENT CONFERENCE (CMC):***  You must meet with the other parties and discuss the case, in person or by telephone at least 30 calendar days before the CMC.  You must also fill out, file and serve a *Case Management Statement* (Judicial Council form CM-110) at least 15 calendar days before the CMC.

   ***You or your attorney must appear at the CMC.*** *You may ask to appear by telephone – see Local Civil Rule 8.*

Your Case Management Judge is: Hon. Patricia M. Lucas ____ Department: 3

The 1st CMC is scheduled for: (Completed by Clerk of Court)
Date: 11/23/22 ___ Time: 2:30pm ___ in Department: 3

The next CMC is scheduled for: (Completed by party if the 1st CMC was continued or has passed)
Date: _____ Time: _____ in Department: _____

***ALTERNATIVE DISPUTE RESOLUTION (ADR):***  If all parties have appeared and filed a completed *ADR Stipulation Form* (local form CV-5008) at least 15 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference. Visit the Court's website at www.sccsuperiorcourt.org/civil/ADR/ or call the ADR Administrator (408-882-2100 x-2530) for a list of ADR providers and their qualifications, services, and fees.

***WARNING:*** Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.

---

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA**
**191 N. FIRST STREET**
**SAN JOSE, CA 95113-1090**

TO:    FILE COPY

RE:                 <u>Bustamante v. Marriott Hotel Services, Inc.</u> (PAGA)
CASE NUMBER:    **22CV400968**

### ORDER DEEMING CASE COMPLEX AND STAYING DISCOVERY
### AND RESPONSIVE PLEADING DEADLINE

WHEREAS, the Complaint was filed by Plaintiff **Gabriela Bustamante** ("Plaintiff") in the Superior Court of California, County of Santa Clara, on **July 21, 2022** and assigned to Department 3 (Complex Civil Litigation), the **Honorable Patricia M. Lucas** presiding, pending a ruling on the complexity issue;

IT IS HEREBY ORDERED that:

The Court determines that the above-referenced case is **COMPLEX** within the meaning of California Rules of Court 3.400. The matter remains assigned, for all purposes, including discovery and trial, to Department 3 (Complex Civil Litigation), the **Honorable Patricia M. Lucas** presiding.

The parties are directed to the Court's local rules and guidelines regarding electronic filing and to the Complex Civil Guidelines, which are available on the Court's website.

Pursuant to California Rules of Court, Rule 3.254, the creation and maintenance of the Master Service List shall be under the auspices of (1) Plaintiff **Gabriela Bustamante**, as the first-named party in the Complaint, and (2) the first-named party in each Cross-Complaint, if any.

Pursuant to Government Code section 70616(b), each party's complex case fee is due within ten (10) calendar days of this date.

Plaintiff shall serve a copy of this Order on all parties forthwith and file a proof of service within seven (7) days of service.

Any party objecting to the complex designation must file an objection and proof of service within ten (10) days of service of this Order. Any response to the objection must be filed within seven (7) days of service of the objection. The Court will make its ruling on the submitted pleadings.

The Case Management Conference remains set for <u>**November 23, 2022 at 2:30 p.m. in Department 3**</u>.

Counsel for all parties are ordered to meet and confer in person at least 15 days prior to the First Case Management Conference and discuss the following issues:

1. Issues related to recusal or disqualification;
2. Issues of law that, if considered by the Court, may simplify or further resolution of the case, including issues regarding choice of law;
3. Appropriate alternative dispute resolution (ADR), for example, mediation, mandatory settlement conference, arbitration, mini-trial;
4. A plan for preservation of evidence and a uniform system for identification of documents throughout the course of this litigation;
5. A plan for document disclosure/production and additional discovery; which will generally be conducted under court supervision and by court order;

6. Whether it is advisable to address discovery in phases so that information needed to conduct meaningful ADR is obtained early in the case (counsel should consider whether they will stipulated to limited merits discovery in advance of certification proceedings), allowing the option to complete discovery if ADR efforts are unsuccessful;
7. Any issues involving the protection of evidence and confidentiality;
8. The handling of any potential publicity issues;

Counsel for Plaintiff is to take the lead in preparing a Joint Case Management Conference Statement to be filed 5 calendar days prior to the First Case Management Conference, and include the following:

1. a brief objective summary of the case;
2. a summary of any orders from prior case management conferences and the progress of the parties' compliance with said orders;
3. significant procedural and practical problems that may likely be encountered;
4. suggestions for efficient management, including a proposed timeline of key events; and
5. any other special consideration to assist the court in determining an effective case management plan.

To the extent the parties are unable to agree on the matters to be addressed in the Joint Case Management Conference Statement, the positions of each party or of various parties should be set forth separately and attached to this report as addenda. The parties are encouraged to propose, either jointly or separately, any approaches to case management they believe will promote the fair and efficient handling of this case. The Court is particularly interested in identifying potentially dispositive or significant threshold issues the early resolution of which may assist in moving the case toward effective ADR and/or a final disposition.

**STAY ON DISCOVERY AND RESPONSIVE PLEADING DEADLINE** Pending further order of this Court, the service of discovery and the obligation to respond to any outstanding discovery is stayed. However, Defendant(s) shall file a Notice of Appearance for purposes of identification of counsel and preparation of a service list. The filing of such a Notice of Appearance shall be without prejudice to the later filing of a motion to quash to contest jurisdiction. Parties shall not file or serve responsive pleadings, including answers to the complaint, motions to strike, demurrers, motions for change of venue and cross-complaints until a date is set at the First Case Management Conference for such filings and hearings.

This Order is issued to assist the Court and the parties in the management of this "Complex" case through the development of an orderly schedule for briefing and hearings. This Order shall not preclude the parties from continuing to informally exchange documents that may assist in their initial evaluation of the issues presented in this Case.

Plaintiff shall serve a copy of this Order on all the parties in this matter forthwith.

SO ORDERED.

Date: __July 21, 2022__

Patricia M Lucas

Hon. **Patricia M. Lucas**
Judge of the Superior Court

If you, a party represented by you, or a witness to be called on behalf of that party need an accommodation under the American with Disabilities Act, please contact the Court Administrator's office at (408) 882-2700, or use the Court's TDD line, (408) 882-2690 or the Voice/TDD California Relay Service, (800) 735-2922.

# EXHIBIT 5

# EXHIBIT 5

1   DANIEL F. GAINES, ESQ. SBN 251488
    daniel@gaineslawfirm.com
2   ALEX P. KATOFSKY, ESQ. SBN 202754
    alex@gaineslawfirm.com
3   EVAN S. GAINES, ESQ. SBN 287668
    evan@gaineslawfirm.com
4   **GAINES & GAINES, APLC**
    4550 East Thousand Oaks Boulevard, Suite 100
5   Westlake Village, CA 91362
    Telephone: (818) 703-8985
6   Facsimile: (818) 703-8984

7   Attorneys for Plaintiff Gabriela Bustamante, on behalf of herself and all "aggrieved employees"
    pursuant to Labor Code § 2698 et seq.

8

9             **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10                       **COUNTY OF SANTA CLARA**

11

12   | GABRIELA BUSTAMANTE, on behalf of | Case No. 22CV400968 |
     herself and all "aggrieved employees"
13   pursuant to Labor Code § 2698 et seq.,      *Assigned to: Hon. Patricia M. Lucas Dept. 3*

14                Plaintiff,

15        v.                                      **NOTICE OF POSTING COMPLEX FEES**

16   MARRIOTT HOTEL SERVICES, INC., a
     Delaware corporation, and DOES 1 through     Complaint Filed: July 21, 2022
17   10, inclusive,

18                Defendant.

19

20

21

22

23

24

25

26

27

28

                                      - 1 -

1    **TO THE HONORABLE COURT AND TO ALL PARTIES HEREIN AND THEIR**

2    **ATTORNEYS OF RECORD:**

3        **YOU ARE HEREBY NOTIFIED THAT** pursuant to Code of Civil Procedure, Section

4    70616, Plaintiff Gabriela Bustamante, hereby deposits $1,000.00 to the Clerk for complex fees in

5    the above-referenced matter.

6                            Respectfully submitted,

7    Dated:  July 22, 2022          GAINES & GAINES, APLC

8

9                        By: *Daniel F. Gaines*

10                          DANIEL F. GAINES
                       Attorneys for Plaintiff

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-2-

NOTICE OF POSTING COMPLEX FEES

# EXHIBIT 6

# EXHIBIT 6

1  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
     A Limited Liability Partnership
2     Including Professional Corporations
   GREG S. LABATE, Cal. Bar No. 149918
3  glabate@sheppardmullin.com
   TYLER Z. BERNSTEIN, Cal. Bar No. 296496
4  tbernstein@sheppardmullin.com
   650 Town Center Drive, 10th Floor
5  Costa Mesa, California  92626-1993
   Telephone:     714-513-5100
6  Facsimile:     714-513-5130

7  Attorneys for Defendant
   MARRIOTT HOTEL SERVICES, INC.

8
                    SUPERIOR COURT OF THE STATE OF CALIFORNIA
9
                          FOR THE COUNTY OF SANTA CLARA
10

11 | GABRIELA BUSTAMANTE, on behalf of    | Case No. 22CV400968
   | herself and all "aggrieved employees" |
12 | pursuant to Labor Code § 2698 *et seq.*, | Assigned to: Hon. Patricia M. Lucas
   |                                        | Dept.  3
13 |            Plaintiff,                  |
   |        v.                              | Complaint Filed:  July 21, 2022
14 |                                        | Trial Date:  None Set
   | MARRIOTT HOTEL SERVICES, INC., a       |
15 | Delaware corporation; and DOES 1 through 10 | **NOTICE OF APPEARANCE**
   | inclusive,                             |
16 |                                        | Case Management Conference
   |            Defendants.                 | Date:     November 23, 2022
17 |                                        | Time:     2:30 p.m.
   |                                        | Dept.:    3
18

19

20

21

22

23

24

25

26

27

28

                                   -1-

1  TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2  PLEASE TAKE NOTICE that the following attorneys of the law firm of Sheppard, Mullin,

3  Richter & Hampton LLP hereby enter their appearance as counsel of record for Defendant

4  Marriott Hotel Services, Inc.:

5  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   A Limited Liability Partnership
6  Including Professional Corporations
   GREG S. LABATE, Cal. Bar No. 149918
7  TYLER Z. BERNSTEIN, Cal. Bar No. 296496
   650 Town Center Drive, 10th Floor
8  Costa Mesa, California  92626-1993
   Telephone:    714-513-5100
9  Facsimile:     714-513-5130
   E-mail:         glabate@sheppardmullin.com
10                 tbernstein@sheppardmullin.com

11  Please serve the above-referenced counsel with all pleadings, correspondence, and all other

12  notices and documents in this matter.

13  This Notice of Appearance is for the purposes of identification of counsel and preparation

14  of a service list.  As set forth in the Court's July 21, 2022 Minute Order, the filing of this Notice of

15  Appearance is not and shall not constitute a waiver of any substantive or procedural challenge to

16  the Complaint.  Defendant expressly reserve their right to challenge jurisdiction and/or the

17  Complaint and serve their responsive pleading on the date set following the Case Management

18  Conference and pursuant to the Court's orders.

19

20  Dated:  August 1, 2022

21  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

22

23  By  _____

24  GREG S. LABATE
    TYLER Z. BERNSTEIN
25  Attorneys for Defendant
    MARRIOTT HOTEL SERVICES, INC.

26

27

28

-2-

1

PROOF OF SERVICE
STATE OF CALIFORNIA, COUNTY OF ORANGE

2

***Gabriela Bustamante v. Marriott Hotel Services, Inc.***
***Santa Clara County Superior Court Case No: 22CV400968***

3

4

 At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Orange, State of California.  My business address is 650 Town Center Drive, 10th Floor, Costa Mesa, CA 92626.

5

6

 On August 1, 2022, I served true copies of the following document(s) described as **1) DEFENDANT'S NOTICE OF APPEARANCE** on the interested parties in this action as follows:

7

8

9

10

| GAINES & GAINES, APLC | Attorneys for Plaintiff |
|---|---|
| Daniel F. Gaines, Esq. | GABRIELA BUSTAMANTE |
| Alex P. Katofsky, Esq. | Telephone: 818-703-8985 |
| Evan S. Gaines, Esq. | Facsimile: 818-703-8984 |
| 4550 East Thousand Oaks Boulevard, Suite 100 | Email: daniel@gaineslawftrm.com |
| Westlake Village, California 91362 | alex@gaineslawfirm.com |
| | evan@gianeslawfirm.com |

11

12

☒  **BY ELECTRONIC SERVICE:**  I served the document(s) on the person listed in the Service List by submitting an electronic version of the document(s) to One Legal, LLC, through the user interface at www.onelegal.com.

13

☐  **BY E-MAIL OR ELECTRONIC TRANSMISSION:**  I caused a copy of the document(s) to be sent to the persons at the e-mail addresses listed in the Service List.

14

 I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed on August 1, 2022, at Costa Mesa, California.

15

16

*/s/ Kristina Hammer*

17

KRISTINA HAMMER

18

19

20

21

22

23

24

25

26

27

28

-3-

# EXHIBIT 7

# EXHIBIT 7

**CM-110**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Alex P. Katofsky, Esq.                    SBN: 202754<br>GAINES & GAINES, APLC<br>4550 East Thousand Oaks Blvd., Suite 100<br>Westlake Village, CA 91362<br>TELEPHONE NO.: 818-703-8985        FAX NO. *(Optional)*: 818-703-8984<br>E-MAIL ADDRESS: Alex@gaineslawfirm.com<br>ATTORNEY FOR *(Name)*: Plaintiff, Gabriela Bustamante | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** SANTA CLARA
STREET ADDRESS: 191 North First Street
MAILING ADDRESS: 191 North First Street
CITY AND ZIP CODE: San Jose, 95113
BRANCH NAME: Downtown Superior Court

PLAINTIFF/PETITIONER: Gabriela Bustamante
DEFENDANT/RESPONDENT: Marriott Hotel Services, Inc. et al.

| CASE MANAGEMENT STATEMENT | CASE NUMBER: |
|---|---|
| *(Check one):*  [X] **UNLIMITED CASE**       [ ] **LIMITED CASE**<br>                (Amount demanded           (Amount demanded is $25,000<br>                exceeds $25,000)           or less) | 22CV400968 |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date: 11/23/2022          Time: 2:30 P.M.    Dept.: 3        Div.:        Room:

Address of court *(if different from the address above)*:

[ ] **Notice of Intent to Appear by Telephone, by** *(name)*:

INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.

1. **Party or parties** *(answer one)*:
   a. [X] This statement is submitted by party *(name)*: Plaintiff, Gabriela Bustamante
   b. [ ] This statement is submitted jointly by parties *(names)*:

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date)*: 07/21/2022
   b. [ ] The cross-complaint, if any, was filed on *(date)*:

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. [ ] All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. [ ] The following parties named in the complaint or cross-complaint
      (1) [ ] have not been served *(specify names and explain why not)*:

      (2) [ ] have been served but have not appeared and have not been dismissed *(specify names)*:

      (3) [ ] have had a default entered against them *(specify names)*:

   c. [ ] The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served)*:

4. **Description of case**
   a. Type of case in [X] complaint       [ ] cross-complaint    *(Describe, including causes of action)*:
      Representative Action Complaint for penalties pursuant to Labor Code § 2699(f) for violations of Labor Code §§ 201, 202, 226(a), 226.7, 510, 512, and 1194 and pursuant to Labor Code § 2699(a) for violations of labor code §§ 226.3 and 558

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-110 [Rev. September 1, 2021] | **CASE MANAGEMENT STATEMENT** | Cal. Rules of Court,<br>rules 3.720–3.730<br>*www.courts.ca.gov* |
|---|---|---|

Westlaw Doc. & Form Builder™

**CM-110**

| PLAINTIFF/PETITIONER: Gabriela Bustamante | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Marriott Hotel Services, Inc. et al. | 22CV400968 |

4. b. Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

Plaintiff on behalf of herself and all aggrieved employees, seeks an award of penalties, attorney's fees and costs in an amount to be determined at trial.

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**

The party or parties request ☒ a jury trial ☐ a nonjury trial. *(If more than one party, provide the name of each party requesting a jury trial):*

6. **Trial date**

a. ☐ The trial has been set for *(date):*

b. ☒ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c. Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7. **Estimated length of trial**

The party or parties estimate that the trial will take *(check one):*

a. ☒ days *(specify number):* 5 to 7 days

b. ☐ hours (short causes) *(specify):*

8. **Trial representation** *(to be answered for each party)*

The party or parties will be represented at trial ☐ by the attorney or party listed in the caption ☐ by the following:

a. Attorney:

b. Firm:

c. Address:

d. Telephone number:          f. Fax number:

e. E-mail address:          g. Party represented:

☐ Additional representation is described in Attachment 8.

9. **Preference**

☐ This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**

a. **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 of the California Rules of Court for information about the processes available through the court and community programs in this case.

(1) For parties represented by counsel: Counsel ☒ has ☐ has not provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

(2) For self-represented parties: Party ☐ has ☐ has not reviewed the ADR information package identified in rule 3.221.

b. **Referral to judicial arbitration or civil action mediation** (if available).

(1) ☐ This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

(2) ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

(3) ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

**CASE MANAGEMENT STATEMENT**

**CM-110**

| PLAINTIFF/PETITIONER: Gabriela Bustamante | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Marriott Hotel Services, Inc. et al. | 22CV400968 |

10. c.  Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information)*:

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply)*: | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation)*: |
|---|---|---|
| (1) Mediation | [X] | [X] Mediation session not yet scheduled<br>[ ] Mediation session scheduled for *(date)*:<br>[ ] Agreed to complete mediation by *(date)*:<br>[ ] Mediation completed on *(date)*: |
| (2) Settlement conference | [X] | [X] Settlement conference not yet scheduled<br>[ ] Settlement conference scheduled for *(date)*:<br>[ ] Agreed to complete settlement conference by *(date)*:<br>[ ] Settlement conference completed on *(date)*: |
| (3) Neutral evaluation | [ ] | [ ] Neutral evaluation not yet scheduled<br>[ ] Neutral evaluation scheduled for *(date)*:<br>[ ] Agreed to complete neutral evaluation by *(date)*:<br>[ ] Neutral evaluation completed on *(date)*: |
| (4) Nonbinding judicial arbitration | [ ] | [ ] Judicial arbitration not yet scheduled<br>[ ] Judicial arbitration scheduled for *(date)*:<br>[ ] Agreed to complete judicial arbitration by *(date)*:<br>[ ] Judicial arbitration completed on *(date)*: |
| (5) Binding private arbitration | [ ] | [ ] Private arbitration not yet scheduled<br>[ ] Private arbitration scheduled for *(date)*:<br>[ ] Agreed to complete private arbitration by *(date)*:<br>[ ] Private arbitration completed on *(date)*: |
| (6) Other *(specify)*: | [ ] | [ ] ADR session not yet scheduled<br>[ ] ADR session scheduled for *(date)*:<br>[ ] Agreed to complete ADR session by *(date)*:<br>[ ] ADR completed on *(date)*: |

CM-110

| PLAINTIFF/PETITIONER: Gabriela Bustamante | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Marriott Hotel Services, Inc. et al. | 22CV400968 |

**11. Insurance**

a. ☐ Insurance carrier, if any, for party filing this statement *(name):*

b. Reservation of rights: ☐ Yes ☐ No

c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.

☐ Bankruptcy ☐ Other *(specify):*
Status:

**13. Related cases, consolidation, and coordination**

a. ☐ There are companion, underlying, or related cases.

    (1) Name of case:

    (2) Name of court:

    (3) Case number:

    (4) Status:

    ☐ Additional cases are described in Attachment 13a.

b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**14. Bifurcation**

☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**

☒ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

    1. Motion for summary judgment or, in the alternative, summary adjudication
    2. Motion for class certification

**16. Discovery**

a. ☐ The party or parties have completed all discovery.

b. ☒ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| Plaintiff | Discovery | Per Code |
| Plaintiff | Deposition(s) of PMK | Per Code |
| Plaintiff | Expert Discovery | Per Code |

c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

**CM-110**

| PLAINTIFF/PETITIONER: Gabriela Bustamante | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Marriott Hotel Services, Inc. et al. | 22CV400968 |

**17. Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case)*:

**18. Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify)*:

**19. Meet and confer**

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain)*: The parties will meet and confer prior to the case management conference.

b. ☐ After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify)*:

**20.** Total number of pages attached *(if any)*: _____1_____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: 11/07/2022

Alex P. Katofsky, Esq.
_____
(TYPE OR PRINT NAME)

► *Alex P. Katofsky*
_____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

► _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

**PROOF OF SERVICE AND CERTIFICATION**

I am employed in the County of Ventura, State of California. I am over the age of 18 and not a party to the within action; my business address is 4550 East Thousand Oaks Boulevard, Suite 100 Westlake Village, CA 91362.

_____ (For messenger) my business address is:

On November 7, 2022, I served the foregoing document described as **CASE MANAGEMENT STATEMENT** on the interested parties in this action by placing a true copy thereof enclosed in sealed envelopes addressed as follows:

Greg S. Labate, Esq.
Tyler Z. Bernstein, Esq.
**SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**
650 Town Center Drive, 10th Floor
Costa Mesa, CA 92626-1993

Attorneys for Defendant, MARRIOTT HOTEL SERVICES, INC.

_X____ (BY x U.S. MAIL/ BY☐ CERTIFIED MAIL, RETURN RECEIPT REQUESTED) The sealed envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with United States postal service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more that one day after date of deposit for mailing in affidavit.

_____ (BY FEDERAL EXPRESS OR OTHER OVERNIGHT SERVICE) I deposited the sealed envelope in a box or other facility regularly maintained by the express service carrier or delivered the sealed envelope to an authorized carrier or driver authorized by the express carrier to receive documents.

_____ (BY FACSIMILE TRANSMISSION) On _____, at _____ a.m./p.m., at Westlake Village, California, I served the above-referenced document on the above-stated addressee by facsimile transmission pursuant to Rule 2008 of the California Rules of Court. The telephone number of the sending facsimile machine was (818)703-8984 and the telephone number(s) of the receiving facsimile machine was (___) ___-____. A transmission report was properly issued by the sending facsimile machine, and the transmission was reported as complete and without error. Copies of the facsimile transmission cover sheet and the transmission report are attached to this proof of service.

_____ (BY ELECTRONIC SERVICE) The above-stated document was submitted for service by electronic transmission via email on the counsel of record listed above.

_____ (ONLINE TO THE LWDA): I caused the above-described document to be delivered to the Labor Workforce Development Agency via online process at the PAGA Filing website in accordance with the procedure imposed by the LWDA.

I certify that the above document was printed on recycled paper.
I declare under penalty of perjury that the foregoing is true and correct.
Executed on November 7, 2022, at Westlake Village, California.

_____
JEREMY REYES

- 1 -

PROOF OF SERVICE

# EXHIBIT 8

# EXHIBIT 8

DANIEL F. GAINES, ESQ. SBN 251488
daniel@gaineslawfirm.com
ALEX P. KATOFSKY, ESQ. SBN 202754
alex@gaineslawfirm.com
EVAN S. GAINES, ESQ. SBN 287668
evan@gaineslawfirm.com
**GAINES & GAINES, APLC**
4550 East Thousand Oaks Boulevard, Suite 100
Westlake Village, CA 91362
Telephone: (818) 703-8985
Facsimile: (818) 703-8984

Attorneys for Plaintiff Gabriela Bustamante, on behalf of herself and all "aggrieved employees" pursuant to Labor Code § 2698 *et seq.*

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
         A Limited Liability Partnership
         Including Professional Corporations
GREG S. LABATE, Cal. Bar No. 149918
glabate@sheppardmullin.com
TYLER Z. BERNSTEIN, Cal. Bar No. 296496
tbernstein@sheppardmullin.com
650 Town Center Drive, 10th Floor
Costa Mesa, California 92626-1993
Telephone: 714-513-5100
Facsimile: 714-513-5130

Attorneys for Defendant MARRIOTT HOTEL SERVICES, INC.

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SANTA CLARA

| | |
|---|---|
| GABRIELA BUSTAMANTE, on behalf of herself and all "aggrieved employees" pursuant to Labor Code § 2698 *et seq.*,<br><br>        Plaintiff,<br><br>v.<br><br>MARRIOTT HOTEL SERVICES, INC., a Delaware corporation, and DOES 1 through 10, inclusive,<br><br>        Defendants. | CASE NO: 22CV400968<br><br>*Assigned to the Hon. Patricia M. Lucas, Dept. 3*<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>**Date: November 23, 2022**<br>**Time: 2:30 p.m.**<br>**Dept.: 3**<br><br>*Complaint Filed: July 21, 2022* |

1    Plaintiff Maria Gabriela Bustamante ("Plaintiff") and Defendant Marriott Hotel Services, Inc.

2    ("Defendant") (hereinafter, Plaintiff and Defendant are collectively referred to as the "Parties")

3    hereby submit the following Joint Case Management Conference Statement in advance of the Case

4    Management Conference scheduled for November 23, 2022 at 2:30 p.m.

5    **I. <u>OBJECTIVE SUMMARY OF CASE</u>**

6    This is a Representative Action, pursuant to the Private Attorneys General Act of 2004

7    ("PAGA"), codified as Labor Code § 2698 *et seq.*, on behalf of Plaintiff and other non-exempt

8    California employees who currently work or formerly worked for Defendant ("Aggrieved

9    Employees").

10    On May 11, 2022, Plaintiff sent a letter, by online submission to the LWDA and by certified

11    mail, return receipt requested, to Defendant setting forth the facts and theories of the violations alleged

12    against Defendant. Thereafter, on July 21, 2022, Plaintiff filed her Representative Action Complaint

13    (the "Complaint").

14    Plaintiff's Complaint alleges a single cause of action under PAGA, based upon the allegations

15    that Defendant allegedly failed to (1) properly compute all non-base hourly wages (including banquet

16    service charges) earned by Plaintiff and other Aggrieved Employees into their regular rate of pay for

17    purposes of paying them meal and rest period premiums and overtime wages at the correct rates, in

18    violation of Labor Code §§ 226.7, 510, 512, 558 and 1194; (2) pay correct premium wages to Plaintiff

19    and other Aggrieved Employees who were denied rest periods, in violation of Labor Code § 226.7

20    and IWC Wage Order 5-2001; (3) pay correct premium wages to Plaintiff and other Aggrieved

21    Employees who were denied proper meal periods, in violation of Labor Code §§ 226.7, 512, 558 and

22    IWC Wage Order 5-2001; (4) provide Plaintiff and other Aggrieved Employees with wage statements

23    that fully and accurately itemized the requirements set forth in Labor Code §§ 226(a) and 226.3; and

24    (5) pay Plaintiff and certain Aggrieved Employees all wages due at the separation of their employment

25    based on the time frames required by Labor Code §§ 201 and 202.

26    Defendant denies any wrongdoing and denies that it committed any violation of the California

27    Labor Code. Defendant denies the allegations in the Complaint and denies that Defendant is liable

28

1    to Plaintiff or any person on whose behalf relief is sought.  Defendant denies that Plaintiff can pursue

2    her claims on a representative basis or that this case is suitable for such treatment for myriad reasons.

3        On August 1, 2022, Defendant filed its Notice of Appearance in accordance with the July 21,

4    2022 Order Deeming Case Complex and Staying Discovery and Responsive Pleading Deadline (the

5    "Order").

6        Pursuant to the Order, Defendant has not filed a response to the Complaint, neither Plaintiff

7    nor Defendant has commenced discovery.

8        The Parties have met and conferred regarding potentially scheduling a mediation and those

9    discussions are ongoing.  Defendant is willing to consider a mediation proposal from Plaintiff as to

10   the scope and parameters of a potential mediation and is awaiting that proposal. The Parties are in the

11   process of gathering and discussing further exchanges of information so as to continue the

12   investigation of the claims and theories at issue in the case in order to explore whether any proposed

13   mediation is worth pursuing.

## II.  SUMMARY OF ANY PREVIOUS ORDERS

15       There are no orders from prior case management conferences.  The only previous order in this

16   Action is the above-referenced Order. The Parties have met and conferred pursuant to the Order.

## III.  PROCEDURAL AND PRACTICAL PROBLEMS

18       Plaintiff is unaware of any significant procedural and/or practical problems that may likely

19   be encountered at this time.

20       Defendant anticipates potential procedural issues with respect to phasing of discovery with

21   respect to individual alleged "aggrieved" status prior to potential broader discovery as to others in

22   the alleged group, in the event discovery is unstayed, and also anticipates procedural and practical

23   issues with respect to manageability issues.

## IV.  PROPOSED TIMELINE OF KEY EVENTS

25       Plaintiff proposes that the Court delay setting Trial until the next Case Management

26   Conference to allow the Parties to continue to meet and confer regarding scheduling a mediation.

27   Plaintiff proposes that the next Case Management Conference be set out 120 days.

28

1    Defendant is amenable to a further status conference being set out at least 120 days to allow

2   for continued discussions related to mediation.

3    Defendant believes the discovery stay should remain in effect while the Parties continue to

4   discuss and negotiate private mediation and informal discovery to that end. Further, given Plaintiff's

5   stated intention to seek to amend the Complaint to add in claims and expand the potential scope of

6   the case, continuing the discovery stay preserves the Parties' resources and avoids premature

7   discovery that is not addressed at all potential claims.

8                                **V. SPECIAL CONSIDERATION**

9    Plaintiff has confirmed that she did not sign an arbitration agreement during her employment

10   with Defendant, and will amend her Complaint to add class claims, either via Stipulation or Motion.

11    Defendant reserves its rights to challenge and/or oppose Plaintiff's efforts to amend the

12   Complaint and submits that there should be clarity on the operative pleading before Defendant is

13   obligated to file a response thereto.

14

15

16   Dated: November 15, 2022              Respectfully submitted,

17                                         GAINES & GAINES
                                           A Professional Law Corporation
18

19                                         By: *Daniel F. Gaines*

20                                             DANIEL F. GAINES
                                               ALEX P. KATOFSKY
21                                             Attorneys for Plaintiff

22   Dated: November 15, 2022              Respectfully submitted,

23                                         SHEPPARD, MULLIN, RICHTER & HAMPTON
                                           LLP
24

25                                         By: ___/s/ Greg S. Labate___

26                                             GREG S. LABATE
                                               TYLER Z. BERNSTEIN
27                                             Attorneys for Defendant

28

17ZN-363008

**PROOF OF SERVICE AND CERTIFICATION**

I am employed in the County of Ventura, State of California. I am over the age of 18 and not a party to the within action; my business address is 4550 East Thousand Oaks Boulevard, Suite 100 Westlake Village, CA 91362.

_____ (For messenger) my business address is:

On November 15, 2022, I served the foregoing document described as **JOINT CASE MANAGEMENT CONFERENCE STATEMENT** on the interested parties in this action by placing a true copy thereof enclosed in sealed envelopes addressed as follows:

Greg S. Labate, Esq.
Tyler Z. Bernstein, Esq.
**SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**
650 Town Center Drive, 10th Floor
Costa Mesa, CA 92626-1993

Attorneys for Defendant, MARRIOTT HOTEL SERVICES, INC.

__X____ (BY x U.S. MAIL/ BY☐ CERTIFIED MAIL, RETURN RECEIPT REQUESTED) The sealed envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with United States postal service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more that one day after date of deposit for mailing in affidavit.

_____ (BY FEDERAL EXPRESS OR OTHER OVERNIGHT SERVICE) I deposited the sealed envelope in a box or other facility regularly maintained by the express service carrier or delivered the sealed envelope to an authorized carrier or driver authorized by the express carrier to receive documents.

_____ (BY FACSIMILE TRANSMISSION) On _____, at _____ a.m./p.m., at Westlake Village, California, I served the above-referenced document on the above-stated addressee by facsimile transmission pursuant to Rule 2008 of the California Rules of Court. The telephone number of the sending facsimile machine was (818)703-8984 and the telephone number(s) of the receiving facsimile machine was (___) ___-____. A transmission report was properly issued by the sending facsimile machine, and the transmission was reported as complete and without error. Copies of the facsimile transmission cover sheet and the transmission report are attached to this proof of service.

_____ (BY ELECTRONIC SERVICE) The above-stated document was submitted for service by electronic transmission via email on the counsel of record listed above.

_____ (ONLINE TO THE LWDA): I caused the above-described document to be delivered to the Labor Workforce Development Agency via online process at the PAGA Filing website in accordance with the procedure imposed by the LWDA.

I certify that the above document was printed on recycled paper.
I declare under penalty of perjury that the foregoing is true and correct.
Executed on November 15, 2022, at Westlake Village, California.

*Beatriz Franco*
BEATRIZ FRANCO

- 1 -
PROOF OF SERVICE

# EXHIBIT 9

# EXHIBIT 9

DANIEL F. GAINES, ESQ. SBN 251488
daniel@gaineslawfirm.com
ALEX P. KATOFSKY, ESQ. SBN 202754
alex@gaineslawfirm.com
EVAN S. GAINES, ESQ. SBN 287668
evan@gianeslawfirm.com
**GAINES & GAINES, APLC**
4550 East Thousand Oaks Boulevard, Suite 100
Westlake Village, CA 91362
Telephone: (818) 703-8985
Facsimile: (818) 703-8984

Attorneys for Plaintiff Gabriela Bustamante, on behalf of herself, the general public, and all "aggrieved employees" pursuant to Labor Code § 2698 *et seq.*

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SANTA CLARA

| | |
|---|---|
| GABRIELA BUSTAMANTE, on behalf of herself and all "aggrieved employees" pursuant to Labor Code § 2698 *et seq.*,<br><br>Plaintiff,<br><br>v.<br><br>MARRIOTT HOTEL SERVICES, INC., a Delaware corporation, and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO: 22CV400968<br><br>*Assigned to the Hon., Patricia M. Lucas, Dept. 3*<br><br>**FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT FOR:**<br><br>**1. FAILURE TO PAY ALL WAGES DUE (LABOR CODE §§ 226.7, 510, 512, AND 1194; IWC WAGE ORDER 5-2001)**<br><br>**2. FAILURE TO PROVIDE REST PERIODS OR COMPENSATION IN LIEU THEREOF (LABOR CODE § 226.7; IWC WAGE ORDER 5-2001)**<br><br>**3. FAILURE TO PROVIDE MEAL PERIODS OR COMPENSATION IN LIEU THEREOF (LABOR CODE §§ 226.7, 510, 512, AND 1194; IWC WAGE ORDER 5-2001)**<br><br>**4. KNOWING AND INTENTIONAL FAILURE TO COMPLY WITH ITEMIZED EMPLOYEE WAGE STATEMENT PROVISIONS (LABOR CODE § 226(a), (e))**<br><br>**5. FAILURE TO PAY WAGES DUE AT SEPARATION OF EMPLOYMENT (LABOR CODE §§ 201-203)**<br><br>**6. VIOLATION OF BUSINESS AND PROFESSIONS CODE § 17200** |

-1-

**7. PENALTIES PURSUANT TO LABOR CODE § 2699(f) FOR VIOLATIONS OF LABOR CODE §§ 201, 202, 226(a), 226.7, 510, 512, AND 1194 AND PURSUANT TO LABOR CODE § 2699(a) FOR VIOLATIONS OF LABOR CODE §§ 226.3 AND 558**

**<u>DEMAND FOR JURY TRIAL</u>**

*Complaint Filed: July 21, 2022*

Plaintiff GABRIELA BUSTAMANTE ("Plaintiff"), individually and on behalf of all similarly situated individuals (the "Class" or "Plaintiff Class"), on behalf of the general public, and as an "aggrieved employee" under the Labor Code Private Attorneys General Act of 2004, complains of MARRIOTT HOTEL SERVICES, INC., a Delaware corporation, and any subsidiaries or affiliated companies (hereinafter collectively referred to as "Defendants"), and each of them, as follows:

**I.**

**<u>INTRODUCTION AND FACTUAL BACKGROUND</u>**

1.      This is a Class Action and Representative Action, pursuant to Code of Civil Procedure § 382 and Labor Code § 2698 *et seq.*, on behalf of Plaintiff and all other non-exempt employees who work or formerly worked for Defendants within the State of California.

2.      For at least four (4) years prior to the filing of this action and continuing to the present (the "liability period") Defendants have had a consistent policy of failing to pay all wages due to Class Members (as defined below); provide legally compliant meal and rest periods or compensation in lieu thereof to Class Members; to provide accurately itemized wage statements to Class Members; and to timely pay certain Class Members all wage dues at the separation of their employment.

3.      Plaintiff, on behalf of herself and members of the Class, brings this action pursuant to Labor Code §§ 201, 202, 226(a), 226.3, 226.7, 510, 512, 558, and 1194, seeking compensation for all unpaid wages, civil and statutory penalties, injunctive and other equitable relief, and reasonable attorneys' fees and costs.

4.      Plaintiff, on behalf of herself and Class Members, and pursuant to Business & Professions Code §§ 17200-17208, also seeks injunctive relief, restitution, and disgorgement of all benefits Defendants enjoyed from their failure to pay all wages due.

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

5.      Plaintiff, on behalf of herself and all Aggrieved Employees (as defined herein) pursuant to Labor Code §§ 2698 *et seq.*, seeks penalties and wages for Defendants' various violations of the California Labor Code.

6.      Venue is proper in this judicial district, pursuant to Code of Civil Procedure § 395 because Defendants employed Plaintiff and Class Members throughout the State of California, including Santa Clara County.

## II.

## PARTIES

### A.    Plaintiff

7.      Plaintiff GABRIELA BUSTAMANTE was employed by Defendants from October 2021 through March 2022 as a non-exempt employee in Monterey County, California.

8.      During her work with Defendants, Plaintiff was:

a.      Willfully denied the payment of all wages due;

b.      Willfully denied rest periods or compensation in lieu thereof;

c.      Willfully denied meal periods or compensation in lieu thereof;

d.      Willfully denied accurately itemized wage statements; and

e.      Denied the timely payment of wages upon separation of her employment.

### B.    Defendants

9.      Defendant MARRIOTT HOTEL SERVICES, INC., is a Delaware corporation. Defendant employed Plaintiff and Class Members throughout the State of California, including Santa Clara County, California.

10.     The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants sued herein as DOES 1 to 10, inclusive, are currently unknown to Plaintiff, who therefore sues Defendants by such fictitious names under Code of Civil Procedure § 474.  Plaintiff is informed and believes, and based thereon alleges, that each of the Defendants designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to herein.  Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the Defendants designated hereinafter as DOES when such identities become known.

11.     Plaintiff is informed and believes, and based thereon alleges, that each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant are legally attributable to the other Defendants.

12.     The Defendants named herein as DOE 1 through DOE 10 are and were persons acting on behalf of, or acting jointly with, Defendants, who violated, or caused to be violated, one or more provisions of the California Labor Code as alleged herein.

### III.

### <u>CLASS ACTION ALLEGATIONS</u>

13.     Plaintiff brings this action on behalf of herself, and all others similarly situated as a Class Action pursuant to § 382 of the Code of Civil Procedure.   Plaintiff seeks to represent the following Class composed of and defined as follows:

### THE CLASS

> All non-exempt California employees employed by Defendants at any
>
> time during the period four (4) years prior to the filing of this Action
>
> and continuing through the present.

14.     Plaintiff reserves the right under Rule 3.765, California Rules of Court, to amend or modify this class description with greater specificity or further division into subclasses or limitation to particular issues.

15.     This action has been brought and may properly be maintained as a class action under the provisions of § 382 of the Code of Civil Procedure because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable.

**A.     Numerosity**

16.     The potential members of the Class as defined are so numerous that joinder of all Class Members is impracticable.   While the precise number of members of the class has not been ascertained at this time, Plaintiff is informed and believes, and based thereon alleges, that Defendants currently employ, and during the relevant time periods employed, over 100 persons in the State of California who fall within the class definition.

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

17.    Accounting for employee turnover during the relevant period necessarily increases this number.  Plaintiff alleges Defendants' employment records would provide information as to the number and location of members of the Class.  Joinder of members of the Class is not practicable.

**B.    Commonality**

18.    There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class Members.  These common questions of law and fact include, without limitation:

a.    Whether Defendants fail to pay all wages due to Plaintiff and Class Members, in violation of Labor Code §§ 226.7, 510, 512, and 1194 and IWC Wage Order 5-2001;

b.    Whether Defendants failed to properly provide rest periods or compensation in lieu thereof to Plaintiff and Class Members, in violation of Labor Code § 226.7 and IWC Wage Order 5-2001;

c.    Whether Defendants failed to properly provide meal periods or compensation in lieu thereof to Plaintiff and Class Members, in violation of Labor Code §§ 226.7, 510, 512, and 1194 and IWC Wage Order 5-2001;

d.    Whether Defendants failed to provide Plaintiff and Class Members with accurately itemized wage statements, in accordance with Labor Code § 226(a) and (e);

e.    Whether Defendants failed to timely pay Plaintiff and Class Members all wages due and owing at the separation of their employment, in violation of Labor Code §§ 201-203; and

f.    Whether Plaintiff and Class Members are entitled to equitable relief pursuant to Business & Professions Code § 17200 *et seq.*

**C.    Typicality**

19.    The claims of the named Plaintiff are typical of the claims of members of the Class.  Plaintiff and Class Members sustained injuries and damages arising out of and caused by Defendants'

common course of conduct in violation of laws, regulations that have the force and effect of law, and statutes as alleged herein.

**D.     Adequacy of Representation**

20.     Plaintiff will fairly and adequately represent and protect the interests of members of the Class.   Counsel who represents Plaintiff are competent and experienced in litigating large employment class actions.

**E.     Superiority of Class Action**

21.     A class action is superior to other available means for the fair and efficient adjudication of this controversy.   Individual joinder of all proposed members of the Class is not practicable, and questions of law and fact common to the proposed Class predominate over any questions affecting only individual members of the proposed Class.   Each member of the proposed Class has been damaged and is entitled to recovery by reason of Defendants' illegal policies and/or practices.

22.     Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

\\\
\\\
\\\
\\\
\\\
\\\
\\\
\\\
\\\
\\\
\\\
\\\

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# IV.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

### PLAINTIFF AND THE CLASS AGAINST ALL DEFENDANTS

### FAILURE TO PAY ALL WAGES  DUE

### (LABOR CODE §§ 226.7, 510, 512, AND 1194; IWC WAGE ORDER 5-2001)

23.     Plaintiff incorporates paragraphs 1 through 22 of this Complaint as though fully set forth herein.

24.     Defendants failed to properly compute all non-base hourly wages (including banquet service charges) earned by Plaintiff and Class Members into their regular rate of pay for purposes of paying them meal and rest period premiums and overtime wages at the correct rates, in violation of Labor Code §§ 226.7, 510, 512, and 1194. Defendants paid Plaintiff and Class Members non-base hourly wages (including banquet service charges) for working specific shifts; however, Defendants failed to properly blend these non-base hourly wages and instead paid Plaintiff and Class Members meal and rest period premiums and overtime wages based only on the base hourly rate of pay, or at some other incorrect rate below the proper rate, thus depriving Plaintiff and Class Members of all meal and rest period premiums and overtime wages earned. This violates Labor Code §§ 226.7, 510, 512, and 1194.

25.     As a result of the unlawful acts of Defendants in willfully failing to pay all wages due, Plaintiff and members of the Class have been deprived of wages in amounts to be determined at trial and are entitled to restitution and recovery of such amounts, plus interest thereon, attorneys' fees, and costs, pursuant to Labor Code § 1194.

Wherefore, Plaintiff and the Class she seeks to represent request relief as described below.

\\\
\\\
\\\
\\\
\\\

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

# V.

## SECOND CAUSE OF ACTION

### PLAINTIFF AND THE CLASS AGAINST ALL DEFENDANTS

### FAILURE TO PROVIDE REST PERIODS OR COMPENSATION IN LIEU THEREOF

### (LABOR CODE §§ 226.7, 510, AND 1194 AND IWC WAGE ORDER 5-2001)

26.     Plaintiff incorporates paragraphs 1 through 25 of this Complaint as though fully set forth herein.

27.     Plaintiff and Class Members are entitled to one hour of pay for each day that Defendants failed to properly provide one or more rest periods as set forth in Labor Code § 226.7 and IWC Wage Order 5-2001.

28.     Defendants fail to pay proper premium wages to Plaintiff and Class Members who are denied rest periods, in violation of Labor Code § 226.7 and IWC Wage Order 5-2001. Plaintiff and Class Members are often denied the ability to take an off-duty 10-minute rest period for every four (4) hours of work or major fraction thereof. When they are able to take a rest period, Plaintiff and Class Members were improperly prohibited from leaving Defendants' premises, thereby subjecting them to Defendants' control during their rest periods. These instances violate Labor Code §§ 226.7, 510, 558, and 1194 and IWC Wage Order 5-2001.

29.     Pursuant to Labor Code § 226.7 and IWC Wage Order 5-2001, Plaintiff seeks the payment of all rest period compensation which she and Class Members are owed, according to proof, and unpaid wages, pursuant to Labor Code § 1194.

Wherefore, Plaintiff and the Class she seeks to represent request relief as described below.

\\\
\\\
\\\
\\\
\\\
\\\
\\\

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

# VI.

## THIRD CAUSE OF ACTION

### PLAINTIFF AND THE CLASS AGAINST ALL DEFENDANTS

### FAILURE TO PROVIDE MEAL PERIODS OR COMPENSATION IN LIEU THEREOF

### (LABOR CODE §§ 226.7, 510, 512, AND 1194; IWC WAGE ORDER 5-2001)

30.     Plaintiff incorporates paragraphs 1 through 29 of this Complaint as though fully set forth herein.

31.     Plaintiff and Class Members are entitled to one hour of pay for each day that Defendants failed to properly provide one or more meal periods as set forth in Labor Code §§ 226.7, 512 and IWC Wage Order 5-2001.

32.     Defendants fail to pay proper premium wages to Plaintiff and Class Members who are denied meal periods, in violation of Labor Code §§ 226.7 and 512 and IWC Wage Order 5-2001. Plaintiff and Class Members are routinely denied, and not authorized to take, a proper, timely, uninterrupted, 30-minute meal period for every shift worked that exceeds five hours, or a second proper, timely, uninterrupted, 30-minute meal period for every shift worked that exceeds ten hours, but are not paid proper premium wages of one hour's pay for each missed first or second meal period. When Plaintiff and Class Members were able to take a meal period, they were oftentimes late or short. These instances violate Labor Code §§ 226.7, 510, 512, and 1194 and IWC Wage Order 5-2001.

33.     Pursuant to Labor Code §§ 226.7 and 512 and IWC Wage Order 5-2001, Plaintiff seeks the payment of all meal period compensation and unpaid wages that she and Class Members are owed for four years preceding the filing of this Action, according to proof.

Wherefore, Plaintiff and the Class she seeks to represent request relief as described below.

\\\
\\\
\\\
\\\
\\\
\\\

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

# VII.

## FOURTH CAUSE OF ACTION

## PLAINTIFF AND THE CLASS AGAINST ALL DEFENDANTS

## KNOWING AND INTENTIONAL FAILURE TO COMPLY WITH ITEMIZED

## EMPLOYEE WAGE STATEMENT PROVISIONS

### (LABOR CODE § 226(a), (e))

34.    Plaintiff incorporates paragraphs 1 through 33 of this Complaint as though fully set forth herein.

35.    Section 226(a) of the California Labor Code requires Defendants to provide wage statements to employees.  In those wage statements, Defendants must provide an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee…, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer…, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.  Defendants have knowingly and intentionally failed to comply with Labor Code § 226(a).

36.    Defendants fail to issue Plaintiff and Class Members wage statements that fully and accurately itemized the requirements set forth in Labor Code § 226(a).  As Plaintiff and Class Members are not paid all wages due, as stated above, the wage statements provided by Defendants fail to accurately state all gross wages earned, in violation of Labor Code § 226(a)(1), total hours worked, in violation of Labor Code § 226(a)(2), net wages earned, in violation of Labor Code § 226(a)(5), and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate, in violation of Labor Code § 226(a)(9).

37.     As a consequence of Defendants' willful conduct in failing to provide Class Members with accurate itemized wage statements, Plaintiff and members of the Class have been injured because they have not been paid all wages due and were issued wage statements which do not reflect, and fail to state, all information required by Labor Code § 226(a). The missing information cannot be discerned at all from the face of the wage statements themselves.  Plaintiff and Class Members are entitled to penalties pursuant to Labor Code § 226(e) to recover the greater of all actual damages or $50 for the initial pay period in which a violation occurs and $100 per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of $4,000 per employee, and are entitled to an award of costs and reasonable attorneys' fees pursuant to Labor Code § 226(h).

Wherefore, Plaintiff and the Class she seeks to represent request relief as described below.

## VIII.

## FIFTH CAUSE OF ACTION

## PLAINTIFF AND THE CLASS AGAINST ALL DEFENDANTS

## FAILURE TO TIMELY PAY WAGES DUE AT

## SEPARATION OF EMPLOYMENT (LABOR CODE §§ 201-203)

38.     Plaintiff incorporates paragraphs 1 through 37 of this Complaint as though fully set forth herein.

39.     California Labor Code § 201 and § 202 require Defendants to pay employees all wages due within 72 hours after resignation of employment or the day of termination of employment.  Labor Code § 203 provides that if an employer willfully fails to timely pay such wages, the employer must, as a penalty, continue to pay the subject employee's daily wages until the back wages are paid in full or an action is commenced.  The penalty cannot exceed 30 days of wages.

40.     Defendants paid Plaintiff and Class Members their final wages beyond the time frames set forth in Labor Code §§ 201 and 202, in violation of Labor Code § 203. As stated herein, Plaintiff and Class Members were not paid all wages due during the course of their employment and, as a result of this failure, they were not timely paid all wages due at the separation of their employment. This violates Labor Code §§ 201-202 and is alleged on behalf of Plaintiff and Class Members no longer employed by Defendants.

41.    More than 30 days have passed since Plaintiff and Class Members have left Defendants' employ.

42.    As a consequence of Defendants' willful conduct in not paying wages owed timely upon separation of employment, Plaintiff and Class Members are entitled to up to 30 days' wages as a penalty under Labor Code § 203 for Defendants' failure to timely pay legal wages at separation of employment.

Wherefore, Plaintiff and the class she seeks to represent request relief as described below.

## IX.

### SIXTH CAUSE OF ACTION

### PLAINTIFF AND THE CLASS AGAINST ALL DEFENDANTS

### UNFAIR COMPETITION PURSUANT TO

### BUSINESS & PROFESSIONS CODE § 17200 ET SEQ.

43.    Plaintiff incorporates paragraphs 1 through 42 of this Complaint as though fully set forth herein.

44.    This is a Class Action for Unfair Business Practices.  Plaintiff, on her own behalf and on behalf of the general public, and on behalf of others similarly situated, brings this claim pursuant to Business & Professions Code § 17200 *et seq.*  The conduct of all Defendants as alleged in this Complaint has been and continues to be unfair, unlawful, and harmful to Plaintiff, the general public, and Class Members.  Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure § 1021.5.

45.    Plaintiff is a "person" within the meaning of Business & Professions Code § 17204, and therefore has standing to bring this cause of action for injunctive relief, restitution, and other appropriate equitable relief.

46.    Business & Professions Code § 17200 *et seq.* prohibits unlawful and unfair business practices.

47.    Wage and hour laws express fundamental public policies. Properly providing employees with all wages due is a fundamental public policy of this State and of the United States. Labor Code § 90.5(a) articulates the public policies of this State to enforce vigorously minimum labor

standards, to ensure that employees are not required or permitted to work under substandard and unlawful conditions, and to protect law-abiding employers and its employees from competitors who lower their costs by failing to comply with minimum labor standards.

48.     Defendants have violated statutes and public policies. Through the conduct alleged in this Complaint, Defendants, and each of them, have acted contrary to these public policies, have violated specific provisions of the Labor Code, and have engaged in other unlawful and unfair business practices in violation of Business & Professions Code § 17200 *et seq.* depriving Plaintiff, and all persons similarly situated, and all interested persons of rights, benefits, and privileges guaranteed to all employees under law.

49.     Defendants' conduct, as alleged herein, constitutes unfair competition in violation of §17200 *et seq.* of the Business & Professions Code.

50.     Defendants, by engaging in the conduct herein alleged, either knew or in the exercise of reasonable care should have known that the conduct was unlawful.  As such, it is a violation of § 17200 *et seq.* of the Business & Professions Code.

51.     As a proximate result of the above-mentioned acts of Defendants, Plaintiff and others similarly situated have been damaged in a sum as may be proven.

52.     Unless restrained by this Court, Defendants will continue to engage in the unlawful conduct, as alleged above.  Pursuant to Business & Professions Code § 17200 *et seq.,* this Court should make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment, by Defendants, its agents, or employees, of any unlawful or deceptive practice prohibited by the Business & Professions Code, and/or, including but not limited to, disgorgement of profits which may be necessary to restore Plaintiff and Class Members to the money Defendants have unlawfully failed to pay.

\\\
\\\
\\\
\\\
\\\

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

## X.

### SEVENTH CAUSE OF ACTION

### PLAINTIFF AND ALL AGGRIEVED EMPLOYEES AGAINST ALL DEFENDANTS

### PENALTIES PURSUANT TO LABOR CODE § 2699(f) FOR VIOLATIONS OF

### LABOR CODE §§ 201, 202, 226(a), 226.7, 510, 512, AND 1194 AND PURSUANT TO LABOR

### CODE § 2699(a) FOR VIOLATIONS OF LABOR CODE §§ 226.3 AND 558

53.     Plaintiff incorporates paragraphs 1 through 52 of this Complaint as though fully set forth herein.

54.     As a result of the acts alleged above, including the Labor Code violations set forth herein, Plaintiff seeks penalties pursuant to Labor Code § 2698 *et seq.*

55.     For each such violation of the Labor Code, Plaintiff and all other aggrieved employees are entitled to penalties in an amount to be shown at the time of trial subject to the following formula:

    a.     Pursuant to Labor Code § 2699(f), $100 for each initial violation and $200 for each subsequent violation of Labor Code §§ 201, 202, 226(a), 226.7, 510, 512, and 1194; and

    b.     Pursuant to Labor Code § 2699(a), the civil penalties as authorized by Labor Code §§ 226.3 and 558.

56.     Penalties recovered will be allocated 75% to the Labor and Workforce Development Agency, and 25% to the affected aggrieved employees.

57.     On May 11, 2022, Plaintiff sent a letter, by online submission to the LWDA and by certified mail, return receipt requested, to Defendants setting forth the facts and theories of the violations alleged against Defendants, as prescribed by Labor Code § 2698 *et seq.*  Pursuant to Labor Code § 2699.3(a)(2)(A), no notice was received by Plaintiff from the LWDA within sixty-five (65) calendar days of May 11, 2022. Plaintiff may therefore commence this action to seek civil penalties pursuant to Labor Code § 2698 *et seq.*

Wherefore, Plaintiff and the aggrieved employees she seeks to represent request relief as described below.

\\\

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff prays for the following relief:

1.      For compensatory damages pursuant to Labor Code § 1194, in the amount of all unpaid wages due to Plaintiff and Class Members;

2.      For compensatory damages in the amount of one hour of wages for each day on which a rest period was not properly provided to Plaintiff and Class Members pursuant to Labor Code § 226.7;

3.      For compensatory damages in the amount of one hour of wages for each day on which a meal period was not properly provided to Plaintiff and Class Members pursuant to Labor Code §§ 226.7 and 512;

4.      For penalties pursuant to Labor Code § 226(e) for Plaintiff and Class Members;

5.      For penalties pursuant to Labor Code § 203 for Plaintiff and members of the Class;

6.      An award of prejudgment and post-judgment interest;

7.      For restitution for unfair competition pursuant to Business & Professions Code § 17200 *et seq.* for Plaintiff and Class Members;

8.      For civil penalties pursuant to Labor Code § 2698 *et seq.* for Plaintiff and all other Aggrieved Employees;

9.      An award providing for payment of costs of suit pursuant to Labor Code §§ 226(h), 2699(g)(1), and other applicable law;

10.      An award of attorneys' fees pursuant to Labor Code §§ 226(h), 2699(g)(1), and other applicable law; and

11.      Such other and further relief as this Court may deem just and proper.

Dated: November 17, 2022              Respectfully submitted,

GAINES & GAINES
A Professional Law Corporation

By: *Daniel F. Gaines*
DANIEL F. GAINES
EVAN S. GAINES
Attorneys for Plaintiff

-15-

1

**<u>DEMAND FOR JURY TRIAL</u>**

2

Plaintiff hereby demands a trial of her claims by jury to the extent authorized by law.

3

Dated: November 17, 2022                    Respectfully submitted,

4

GAINES & GAINES

5

A Professional Law Corporation

6

By: *Daniel F. Gaines*

7

DANIEL F. GAINES

EVAN S. GAINES

8

Attorneys for Plaintiff

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

**PROOF OF SERVICE AND CERTIFICATION**

I am employed in the County of Ventura, State of California.  I am over the age of 18 and not a party to the within action; my business address is 4550 East Thousand Oaks Boulevard, Suite 100 Westlake Village, CA 91362.

_____  (For messenger) my business address is:

On November 17, 2022, I served the foregoing document described as **FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT** on the interested parties in this action by placing a true copy thereof enclosed in sealed envelopes addressed as follows:

Greg S. Labate, Esq.
Tyler Z. Bernstein, Esq.
**SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**
650 Town Center Drive, 10th Floor
Costa Mesa, CA 92626-1993

Attorneys for Defendant, MARRIOTT HOTEL SERVICES, INC.

_X____ (BY x U.S. MAIL/ BY☐ CERTIFIED MAIL, RETURN RECEIPT REQUESTED) The sealed envelope was mailed with postage thereon fully prepaid.  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  It is deposited with United States postal service on that same day in the ordinary course of business.  I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more that one day after date of deposit for mailing in affidavit.

_____  (BY FEDERAL EXPRESS OR OTHER OVERNIGHT SERVICE) I deposited the sealed envelope in a box or other facility regularly maintained by the express service carrier or delivered the sealed envelope to an authorized carrier or driver authorized by the express carrier to receive documents.

_____  (BY FACSIMILE TRANSMISSION) On _____, at _____ a.m./p.m., at Westlake Village, California, I served the above-referenced document on the above-stated addressee by facsimile transmission pursuant to Rule 2008 of the California Rules of Court.  The telephone number of the sending facsimile machine was (818)703-8984 and the telephone number(s) of the receiving facsimile machine was (___) ___-____.  A transmission report was properly issued by the sending facsimile machine, and the transmission was reported as complete and without error.  Copies of the facsimile transmission cover sheet and the transmission report are attached to this proof of service.

_____  (BY ELECTRONIC SERVICE) The above-stated document was submitted for service by electronic transmission via email on the counsel of record listed above.

_____  (ONLINE TO THE LWDA): I caused the above-described document to be delivered to the Labor Workforce Development Agency via online process at the PAGA Filing website in accordance with the procedure imposed by the LWDA.

I certify that the above document was printed on recycled paper.
I declare under penalty of perjury that the foregoing is true and correct.
Executed on November 17, 2022, at Westlake Village, California.

*Beatriz Franco*
_____
BEATRIZ FRANCO

# EXHIBIT 10

# EXHIBIT 10

1  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
     A Limited Liability Partnership
2    Including Professional Corporations
   GREG S. LABATE, Cal. Bar No. 149918
3  glabate@sheppardmullin.com
   TYLER Z. BERNSTEIN, Cal. Bar No. 296496
4  tbernstein@sheppardmullin.com
   650 Town Center Drive, 10th Floor
5  Costa Mesa, California  92626-1993
   Telephone:    714-513-5100
6  Facsimile:     714-513-5130

7  Attorneys for Defendant
   MARRIOTT HOTEL SERVICES, INC.

8
   SUPERIOR COURT OF THE STATE OF CALIFORNIA
9
   FOR THE COUNTY OF SANTA CLARA
10

11 GABRIELA BUSTAMANTE, on behalf of      Case No. 22CV400968
   herself and all "aggrieved employees"
12 pursuant to Labor Code § 2698 *et seq.*,  Assigned to: Hon. Patricia M. Lucas
                                             Dept.  3
13                Plaintiff,
          v.                                 Complaint Filed:  July 21, 2022
14                                           FAC Filed:         November 17, 2022
   MARRIOTT HOTEL SERVICES, INC., a          Trial Date:        None Set
15 Delaware corporation; and DOES 1 through 10
   inclusive,                                **DEFENDANT'S ANSWER TO**
16                                           **PLAINTIFF'S FIRST AMENDED**
                Defendants.                  **COMPLAINT**
17

18

19

20

21

22

23

24

25

26

27

28

Defendant MARRIOTT HOTEL SERVICES, INC. ("Defendant"), for itself and for no other, hereby answers and responds to Plaintiff Gabriela Bustamante's ("Plaintiff") First Amended Complaint ("Complaint") as follows:

### GENERAL DENIAL

Pursuant to California Code of Civil Procedure 431.30(d), Defendant generally and specifically denies all of the allegations contained in the Complaint and each cause of action applicable to Defendant. Defendant further denies that it is liable to Plaintiff Gabriela Bustamante or any person on whose behalf relief is sought under any theory or manner set forth in the Complaint and denies that Plaintiff or any person on whose behalf relief is sought were injured, damaged, or entitled to any damages as alleged in the Complaint or as a result of any conduct of Defendant.

### AFFIRMATIVE DEFENSES

In addition, as separate and additional defenses to the Complaint, and without waiving or admitting that it has any burden of proof or releasing Plaintiff and every person on whose behalf relief is sought from any burden of proof, Defendant asserts the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

### (Failure To State A Cause Of Action)

1. The Complaint, and its purported causes of action, fail to state facts sufficient to constitute a cause of action as against Defendant.

### SECOND AFFIRMATIVE DEFENSE

### (Statute Of Limitations)

2. The Complaint, and the purported causes of action alleged therein, is barred in whole or in part by the applicable statute of limitations, including but not limited to common law, California Code of Civil Procedure Sections 335 through 349 and 3287, Labor Code Section 203, and Business and Professions Code Section 17208.

**THIRD AFFIRMATIVE DEFENSE**

**(Authorization Of Law)**

3.       The Complaint, and each purported cause of action alleged therein, is barred in whole or in part because any acts and omissions of Defendant were at all times legal and authorized by law.

**FOURTH AFFIRMATIVE DEFENSE**

**(Acquiescence/Consent/Estoppel/Waiver/Unclean Hands)**

4.       The allegations contained in the Complaint, and the purported causes of action therein, are barred, in whole or in part, because in doing the things alleged in the Complaint, Defendant acted in reliance on misrepresentations by Plaintiff and every person on whose behalf relief is sought, including but not limited to misrepresentations regarding hours worked and breaks such that Plaintiff and every person on whose behalf relief is sought are estopped, waived, have consented, or are barred by their conduct to claim any right to damages or relief against Defendant.

**FIFTH AFFIRMATIVE DEFENSE**

**(Setoff, Offset, Recoupment)**

5.       Certain amounts sought to be recovered in this action are subject to an offset and/or set-off and/or recoupment and, therefore, are barred in whole or in part.

**SIXTH AFFIRMATIVE DEFENSE**

**(Failure To Exhaust Administrative Remedies)**

6.       The Complaint is barred by Plaintiff's failure to exhaust all administrative remedies before filing suit.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Uncertainty)**

7.       The Complaint is barred in whole or in part because it cannot be ascertained from the Complaint the basis of any of the allegations stated therein, including but not limited to insufficient facts being alleged to support any underlying Labor Code violation.

**EIGHTH AFFIRMATIVE DEFENSE**

**(No Damages Or Injury)**

8.     The Complaint is barred in whole or in part because neither Plaintiff nor any person on whose behalf relief is sought has suffered any damage or injury by any acts, events or occurrences alleged in the Complaint, whether or not attributable to Defendant.

**NINTH AFFIRMATIVE DEFENSE**

**(Failure To Comply With Directions)**

9.     The Complaint, and the purported causes of action alleged therein, are barred because Plaintiff and every person on whose belief relief is sought were required to substantially comply with directions and policies concerning the work in which Plaintiff and every person on whose behalf relief is sought were engaged.  Because they failed to substantially comply with such directions and policies, even though such compliance was possible, lawful, and not unreasonably burdensome, Plaintiff and/or those she seeks to represent, violated Section 2856 of the California Labor Code.

**TENTH AFFIRMATIVE DEFENSE**

**(Lack Of Standing)**

10.     The Complaint is barred in whole or in part for lack of standing.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Fault Of Plaintiff And/Or Third Parties)**

11.     Any injury or damage allegedly suffered by Plaintiff and/or every person on whose behalf relief is sought was caused or contributed to by the negligence, fault, bad faith, breach of contract, or other wrongful or tortious conduct of Plaintiff and/or every person on whose behalf relief is sought, and/or persons or entities other than Defendant, and such conduct offsets, eliminates, or comparatively reduces the liability, if any, of Defendant.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Adequate Remedy At Law)**

12.     Plaintiff and every person on whose behalf relief is sought are not entitled to a recovery of equitable relief because of the existence of an adequate remedy at law and/or because

-4-

1  equitable relief is neither necessary nor proper, or Plaintiff lacks standing to request equitable

2  injunctive relief as a former employee.

### THIRTEENTH AFFIRMATIVE DEFENSE

### (Accord And Satisfaction)

13.    Plaintiff's claims and the claims of every person on whose behalf relief is sought
are barred in whole or in part by the doctrine of accord and satisfaction, and payment.

### FOURTEENTH AFFIRMATIVE DEFENSE

### (Failure To Perform Conditions)

14.    Plaintiff and every person on whose behalf relief is sought have failed to perform
the conditions necessary to give rise to any obligation on the part of Defendant for the payment of
wages, including but not limited to failing to perform conditions necessary for receipt of wages
and failure to complain or otherwise alert Defendant of any purported violation.

### FIFTEENTH AFFIRMATIVE DEFENSE

### (Not Compensable Time)

15.    Assuming *arguendo* that Plaintiff and/or any person on whose behalf relief is
sought was not compensated for all hours worked, Plaintiff and any person on whose behalf relief
is sought are not entitled to any relief because it was de minimis and therefore, not compensable.

### SIXTEENTH AFFIRMATIVE DEFENSE

### (Conduct In Good Faith, Reasonable, Not Intentional Or Willful)

16.    Plaintiff's Complaint is barred, in whole or in part, because Defendant's actions
were based on an honest, reasonable, good faith belief in the facts as known and understood at the
time and were not intentional or willful, including not being willful within the meaning of the
California Labor Code, and Plaintiff suffered no injuries or damages and is not entitled to damages
or penalties.  To the extent any unpaid wages are found to be owing, any failure to pay was not
willful as a good faith dispute existed as to whether they were due and owing and Defendant had
good faith and reasonable grounds for believing that they did not violate the compensation
provisions of Cal. Labor Code § 200, et seq.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Excessive And Unconstitutional Fines)

17. Plaintiff and every person on whose behalf relief is sought have failed to meet their burden, inasmuch as an award of statutory and/or civil penalties under the circumstances of this case would constitute an excessive fine and otherwise would be in violation of Defendant's due process and other rights under the United States and California Constitutions.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Attorneys' Fees)

18. Plaintiff and every person on whose behalf relief is sought have failed to meet their burden inasmuch as the Complaint is frivolous, and Defendant has engaged attorneys to represent it in the defense of Plaintiff's frivolous, unfounded and unreasonable action, and is thereby entitled to an award of reasonable attorneys' fees and costs upon judgment in their favor, and Plaintiff is not entitled to attorneys' fees or costs.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Settlement And Release)

19. The Complaint, and the purported causes of action alleged therein, are barred by the doctrine of settlement and release of claims, including settlement and release of claims asserted in the Complaint by Plaintiff.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Non-Certifiable Class)

20. The Complaint does not state facts sufficient to certify a class pursuant to Code of Civil Procedure Section 382 and/or Federal Rule of Civil Procedure Rule 23, and this action is not properly brought and cannot be sustained as a class action.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Insufficient to Proceed as Representative Action)

21. Plaintiff and every person on whose behalf relief is sought have failed to meet their burden of alleging, and cannot prove, Labor Code violations and/or damages with respect to each and every individual on whose behalf Plaintiff seeks to recover penalties. The Complaint is

-6-

unmanageable as a representative action, lacks due process, cannot and should not be permitted to proceed based on purported common evidence, lacks fair notice as to the scope (including scope of violations and alleged aggrieved employees), lacks core elements to proceed as a representative action (including but not limited to numerosity, typicality, ascertainability, manageability, predominance, superiority) and generally cannot proceed as a representative action. Additionally, the claims asserted by Plaintiff are not representative of any claims of any other person or persons employed by Defendant. Furthermore, Plaintiff is not an adequate representative for the other persons on whose behalf relief is sought and those persons are not similarly situated to Plaintiff for the purposes of recovery in this action.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

**(Duplicative Penalties)**

22.    Plaintiff and every person on whose behalf relief is sought have failed to meet their burden of alleging and/or recovering penalties, and may not recover duplicative penalties and/or duplicative damages.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

**(After-Acquired Evidence)**

23.    Defendant is informed and believe, and based upon such information and belief alleges, that Plaintiff is barred, in whole or in part, from recovery of any damages based upon the doctrine of after-acquired evidence.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

**(Right to Assert Additional Affirmative And Other Defenses)**

24.    Litigation is at an early stage and Defendant's investigation of the allegations raised in Plaintiff's Complaint is continuing. Accordingly, Defendant reserves the right to raise additional affirmative and other defenses.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

**(No Knowing and Intentional Failure to Comply and Lack of Injury)**

25.    Plaintiff's claims for penalties pursuant to Labor Code § 226(e) are barred because Defendant did not knowingly and intentionally fail to comply with Labor Code § 226(a), or any

statute or regulation of similar effect, inasmuch as Defendant acted based upon a good faith dispute regarding the applicable facts or law; or alternatively, to the extent that Plaintiff was not injured by Defendant's alleged lack of compliance with Section 226.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Portal To Portal Act/ FLSA/ERISA Preemption)

26.    Plaintiff's state law claims are preempted by federal law including the Portal to Portal Act, the Fair Labor Standards Act, and/or the Employee Retirement Income Security Act of 1974.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Legitimate Business Reason)

27.    The allegations contained in the Complaint, and the purported causes of action therein, are barred, in whole or in part, because Defendant had an honest, good faith belief that all decisions, if any, affecting Plaintiff and every person on whose behalf relief is sought were made by Defendant solely for legitimate, business-related reasons that were not arbitrary, capricious, or unlawful, and were reasonable based upon the facts as Defendants understood them.

### TWENTY-EIGHTH-EIGHTH AFFIRMATIVE DEFENSE

### (Meal Periods Provided)

28.    To the extent timekeeping records show incidences where Plaintiff or any other person on whose belief relief is sought did not record an off-duty meal period of at least 30 minutes beginning by the end of the fifth hour in a shift greater than five hours, Defendant is not liable for failure to provide a meal period because it permitted the employees a bona fide opportunity to take a compliant meal period, but the employees voluntarily chose not to take the meal period Defendant provided.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Meal Period Waiver)

29.    Plaintiff's claims against Defendant are barred, in whole or in part, to the extent that Plaintiff and/or any other person on whose belief relief is sought waived their meal period.

## THIRTIETH AFFIRMATIVE DEFENSE

### (Arbitration)

30.     The Complaint, and any purported cause of action alleged therein, is barred in whole or in part, to the extent Plaintiff and/or the putative class members are subject to one or more written agreements to arbitrate, including but not limited to an agreement to arbitrate contained within a collective bargaining agreement, which include class action waivers.

## REQUEST FOR RELIEF

WHEREFORE, Defendant prays for judgment as follows:

1.     That the Complaint be dismissed with prejudice and that judgment be entered in favor of Defendant;

2.     That Plaintiff and every person on whose behalf relief is sought take nothing by way of the Complaint;

3.     That Defendant be awarded its costs of suit incurred in defense of this action, including reasonable attorneys' fees; and

4.     That Defendant be awarded such other and further relief as the Court may deem appropriate.


Dated:  December 14, 2022          SHEPPARD, MULLIN, RICHTER & HAMPTON LLP


By _____
          GREG S. LABATE
          TYLER Z. BERNSTEIN
          Attorneys For Defendant
          MARRIOTT HOTEL SERVICES, INC.

-9-

PROOF OF SERVICE
STATE OF CALIFORNIA, COUNTY OF ORANGE

***Gabriela Bustamante v. Marriott Hotel Services, Inc.***
***Santa Clara County Superior Court Case No: 22CV400968***

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Orange, State of California. My business address is 650 Town Center Drive, 10th Floor, Costa Mesa, CA 92626.

On December 14, 2022, I served true copies of the following document(s) described as **1) DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT** on the interested parties in this action as follows:

| | |
|---|---|
| GAINES & GAINES, APLC | Attorneys for Plaintiff |
| Daniel F. Gaines, Esq. | GABRIELA BUSTAMANTE |
| Alex P. Katofsky, Esq. | Telephone: 818-703-8985 |
| Evan S. Gaines, Esq. | Facsimile: 818-703-8984 |
| 4550 East Thousand Oaks Boulevard, Suite 100 | Email: daniel@gaineslawftrm.com |
| Westlake Village, California 91362 | alex@gaineslawfirm.com |
| | evan@gianeslawfirm.com |

☒ **BY ELECTRONIC SERVICE:** I served the document(s) on the person listed in the Service List by submitting an electronic version of the document(s) to One Legal, LLC, through the user interface at www.onelegal.com.

☐ **BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent to the persons at the e-mail addresses listed in the Service List.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on December 14, 2022, at Costa Mesa, California.

*/s/ Kristina Hammer*
KRISTINA HAMMER

-10-

SMRH:4868-2271-1105.2                                    DEFENDANT'S ANSWER TO COMPLAINT